THE CITY OF BUFFALO, Respondent, *v.* AMANDA HAWKS and Others, Defendants, Impleaded with the COUNTY OF ERIE, Appellant.*,

Fourth Department, June 27, 1929.

---

* Affd., 251 N. Y. 588.

*M. Edwin Merwin* [*Jacob Tick* of counsel], for the appellant, appearing specially.

*Gregory U. Harmon, Corporation Counsel* [*Andrew P. Ronan* of counsel], for the respondent.

EDGCOMB, J. This action is brought by the city of Buffalo to foreclose several tax certificates of sale covering certain real property, and to sell the land against which the tax was assessed, and apply the proceeds of sale to the payment of the liens in the order of their priority. No personal judgment is demanded against any defendant.

The summons and complaint herein were served upon the defendants pursuant to the provisions of section 643-a of the Charter of the City of Buffalo, by mailing a copy thereof in a postpaid wrapper, addressed to each defendant at Buffalo, N. Y., and by publishing a copy of the summons, a notice of the object of the action, and a brief description of the property affected, in the official publication of the city of Buffalo, and in a daily newspaper published in that municipality. No order was ever granted permitting service to be made in such manner.

Section 643-a is new; it was added to the Buffalo Charter (enacted in 1927, pursuant to City Home Rule Law) by chapter 532 of the Laws of 1929, and became a law on April eleventh of the present year. The section refers to actions brought to foreclose tax certificates of sale, and reads as follows: " Service of summons. In any

such action, where the amount due on all outstanding certificates of sale of the premises exceeds the assessed value thereof for the current fiscal year, the summons may, in lieu of the service provided in the Civil Practice Act, be served without an order of the court, by mailing a copy of the summons and complaint addressed to the defendant at Buffalo, New York, or, where the defendant has filed a statement as provided in section one hundred and fifty-eight of the Charter of the City of Buffalo, to the address shown on the register of the board of assessors kept pursuant to section one hundred and fifty-seven of the Charter of the City of Buffalo, on or before the first day of publication, as hereinafter provided, and by publishing the summons and notice of object of action with a brief description of the property affected in the official publication of the city of Buffalo and in a daily newspaper published in the city of Buffalo once a week for six successive weeks, service of the summons to be complete on the date of the last publication as above provided."

The county of Erie, one of the defendants herein, appeared specially, and moved to vacate and set aside the service of the summons, upon the ground that the same was not made personally, nor pursuant to any order of the court, or to the provisions of the Civil Practice Act, and that the above-mentioned statute, authorizing service in the manner in which it was made, is unconstitutional, in that it is violative of the " due process " clause of both the Federal and State Constitutions.

The only question presented upon this appeal is the constitutionality of this new provision of the Buffalo Charter. We are not concerned with the wisdom or expediency of the statute, nor is it within our province to inquire into the motives which actuated its passage. Such questions are addressed solely to the Legislature which passed and the Governor who signed the act.

The right to private property is secured to its owner by the provisions of section 1 of the 14th Amendment to the Federal Constitution, which was added to that remarkable document in 1868, and which prohibits any State from depriving a person of life, liberty or property without due process of law, and by section 6 of article 1 of the State Constitution, which declares that no person shall be divested of his property without due process of law.

It is asserted by the appellant that the commencement of an action in the manner provided by the statute in question makes it possible for the property of a defendant to be seized and confiscated without giving him his day in court, and that it is, therefore, contrary to the fundamental law of the land.

The phrase " due process of law " is not defined in either the

Federal or State Constitution. Neither is it susceptible of an exact or comprehensive definition. (*People* v. *Adirondack R. Co.*, 160 N. Y. 225, 236; affd., *sub nom. Adirondack R. Co.* v. *New York State*, 176 U. S. 335; *Bertholf* v. *O'Reilly*, 74 N. Y. 509, 519.)

It is well settled, however, that the " due process " clause in the two Constitutions assures to every person his day in court, and an opportunity to be heard, and defend and preserve his rights, by establishing any fact which, under the law, would be a protection to him or his property. (*Stuart* v. *Palmer*, 74 N. Y. 183, 191.)

One cannot be guaranteed a hearing if he is not informed that one is to be had. The Constitution, however, does not require that personal notice of a proceeding be given to one whose property, situated within this Commonwealth, is sought to be affected, and when no personal judgment against him is sought. Substituted notice in such a case is sufficient, if it be reasonably probable that it will reach the person interested, and apprise him of what is going on, and will afford him an opportunity to come in and defend his property. (*Vatable* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 50, 62; *Stuart* v. *Palmer*, 74 id. 183; *Happy* v. *Mosher*, 48 id. 313; *Ballard* v. *Hunter*, 204 U. S. 241; *Bowling* v. *United States*, 299 Fed. 438, 443.)

The State has power to regulate the method by which the process of its courts may be set in motion, provided, of course, that the procedure adopted is not repugnant to the fundamental law of the land.

There are many instances where personal service would be impracticable; others where it would be impossible. If a court could not obtain jurisdiction of a defendant except by personal service, one could easily defeat the administration of justice by keeping his whereabouts unknown, or by absenting himself from the State.

The guaranty of the Constitution was never intended to perpetuate any particular method of bringing a party into court. So long as his substantial rights are preserved, the Legislature may make such changes in the manner of the service of the process of the courts as it deems proper. (*People ex rel. Witherbee* v. *Supervisors*, 70 N. Y. 228.)

Constructive service of the process of the court was not unknown to the common law; it was an authorized method by which the English courts, both of law and equity, acquired jurisdiction of defendants.

It has long been the practice in this State to permit a summons to be served by publication or by substituted service in certain specified instances, where an order authorizing such service has been granted. Neither method is repugnant to the provisions of

the Constitution. (*Coffin* v. *Lesster*, 36 Hun, 347, 350; affd., 110 N. Y. 645; *Continental Nat. Bank* v. *Thurber*, 74 Hun, 632; affd., *sub nom. Continental Nat. Bank* v. *United States Book Co.*, 143 N. Y. 648.)

The method of service specified in the statute here under consideration is practically the same as that provided by section 232 of the Civil Practice Act, when a summons is served by publication. The mere fact that in one case the court has ordered the service of process to be made in this particular manner, and in the other the service is made without the order, but by direction of the statute, can have no possible bearing on the probability of the defendant actually receiving notice of the commencement of the action. The likelihood of actual notice is the same in both cases.

In passing upon this particular statute, it must be remembered that the action is brought to enforce the collection of a tax, legally and properly assessed by the plaintiff against the property in suit. The State and the various municipalities thereof have a right to adopt such measures as the Legislature authorizes to collect such tax, so long as the method does not run counter to any constitutional provision. It has repeatedly been held that the right to take property under the taxing power of the State or the power of eminent domain is a matter of legislative regulation and direction, and that in such a proceeding a notice, even if it be constructive and indirect, is sufficient to escape the criticism that it is violative of the " due process " clause of the Constitution, if the manner of giving it is reasonably adapted to the nature of the case and its subject-matter, and if it gives to the property owner a reasonable opportunity to protect his lands from an arbitrary or unjust confiscation. (*Matter of Union E. R. R. Co. of Brooklyn*, 112 N. Y. 61, 74; *Matter of De Peyster*, 80 id. 565; *Matter of N. Y. El. R. R. Co.*, 70 id. 327, 357; *North Laramie Land Co.* v. *Hoffman*, 268 U. S. 276; *Ballard* v. *Hunter*, 204 id. 241; *Leigh* v. *Green*, 193 id. 79; *Huling* v. *Kaw Valley Railway*, 130 id. 559.)

In an action of this character, I do not think that it can be said that notice of the commencement of an action would not, within reasonable probability, be brought home to a defendant, who had been served with a summons in the manner specified in the statute in question. As was pointed out by Mr. Justice McKenna in *Ballard* v. *Hunter* (204 U. S. 241) and by Mr. Justice Miller in *Huling* v. *Kaw Valley Railway* (130 id. 559), the duty rests upon the owner to keep himself informed concerning his real property. If he fails so to do, and notice affecting his lands, given by such publication as is usually required in like cases, fails to reach him, it is his misfortune, and he must suffer the consequences. The public

is charged with knowledge of the provisions of all statutes, and is required to take notice of the procedure therein specified.

Every intendment is in favor of the constitutionality of a legislative enactment. If a reasonable doubt as to its validity exists, it should be upheld. (*Kerrigan* v. *Force*, 68 N. Y. 381; *Ogden* v. *Saunders*, 12 Wheat. 213, 270.)

For the reasons above stated and under the authorities cited, I think that the court below was right in holding that the act in question did not violate the provisions of either the United States or State Constitution.

The order appealed from should be affirmed.

All concur, SEARS, P. J., in a memorandum, except CROUCH, J., who dissents and votes for reversal. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

SEARS, P. J. (concurring). In passing upon the question whether the service of the summons in the manner provided by the statute here involved is consistent with the requirements necessary for due process of law, we must take into consideration the nature of the action itself. (*Leigh* v. *Green*, 193 U. S. 79.) In its essence the action is one to enforce the payment of taxes, and the State in authorizing such action has acted in exercise of its sovereign power to raise revenue essential to carry on the affairs of state and the due administration of the laws. The action " is not judicial in the strict sense; it is but a step in an administrative proceeding in which judicial assistance is invoked as a matter of convenience, and because with its assistance the rights of parties can be most surely protected, and the public interest at the same time conserved." (Cooley Tax. [3d ed.] 876; *Matter of N. Y. Protestant Episcopal School*, 31 N. Y. 574; *Ballard* v. *Hunter*, 204 U. S. 241.) In processes of taxation the same stringent requirements for notice are not necessary as in ordinary judicial proceedings. (*Bell's Gap R. R. Co.* v. *Pennsylvania*, 134 U. S. 232; *Leigh* v. *Green, supra.*) A landowner is treated as having knowledge of the statutory provisions relating to taxation including those in respect to notices to be given to landowners. (*Huling* v. *Kaw Valley Railway*, 130 U. S. 559.) Applying these principles, I find no violation of the due process provisions of the Constitution in the statute before us.

Order affirmed, without costs of this appeal to either party.