GEORGE LEARY and Another , Plaintiffs, *v.* THE VILLAGE OF LAWRENCE, Defendant.

Supreme Court, Nassau County, February 7, 1931.

*Ferdinand I. Haber,* for the plaintiff.

*Van Doren, Conklin & McNevin,* for the defendant.

MAY, J. Plaintiffs move for dismissal of defenses and for judgment on the pleadings canceling, as a cloud on title, the lien of taxes imposed by the village of Lawrence upon the lands placed within that village by the legislative alteration of the boundary between Queens and Nassau counties (Laws of 1928, chap. 802), taking effect April 5, 1928. The lands had previously been part of New York city. The Boundary Alteration Act made no express

provision in regard to taxation of the land, but the village trustees took proceedings under section 109-a of the Village Law (added by Laws of 1927, chap. 650, as amd. by Laws of 1929, chap. 643) to add the land to the assessment roll, which had been formally completed in February, 1928. The complaint is vague as to the tax year for which this assessment roll would be the basis, but such would be for the fiscal year running from June 1, 1928, to May 31, 1929. In argument, though not in the complaint, plaintiffs contend that the date in February, 1928, when the assessment roll was formally completed, was what they called " tax day," fixing the status of property for taxation under that assessment roll; that, as the property did not become part of the village of Lawrence by a legislative act until April 5, 1928, the attempt to include such on the tax roll compiled in the preceding February was improper. Section 104 of the Village Law (added by Laws of 1927, chap. 650, as amd. by Laws of 1928, chap. 337) provides that the assessment roll is to be prepared on or before the first day of November in each year. It is settled that the various times specified in the law as to assessment rolls and taxation are directory (*People ex rel. Rome, W. & O. Railroad Co.* v. *Haupt,* 104 N. Y. 377; *Jackson* v. *Rowe,* 106 App. Div. 65), and, therefore, the fact that the roll was prepared in February, instead of at a later date is of no importance as fixing a " tax day " for the subjection of property for taxes. Especially must this be so because of the absence of any provision in the Village Law similar to section 892 of the Greater New York Charter, as amended by chapter 455 of the Laws of 1911, fixing October first as the city's " tax day."

With no declaration in the Village Law in that regard, and with no necessity made apparent why there should be any village tax day, the only question here is whether the lands affected were within the village during the year for which these taxes were imposed and whether there was any insufficiency of notice to the owners of the proposed addition thereof to the assessment roll. The landowners are considered as knowing the operation of legislative enactments affecting the political-geographical location of their property, and from April 5, 1928, when the boundary act went into effect, they must be treated as having knowledge of the statutory provisions as to notice under which they might be subjected to taxation in the new location. (*City of Buffalo* v. *Hawks,* 226 App. Div. 480.) Defendant's first defense sets forth facts to show that plaintiffs had failed to avail themselves of their opportunity on such notice to object, if they validly could, on any grounds to the inclusion of their land in the tax roll and to the payment of taxes for the year during which they would be

deriving full benefit from the village as supplied by its police, fire and other governmental services.

The second defense shows that the taxes in question were for the current fiscal year, June 1, 1928, to May 31, 1929, and further shows that the procedure pursued for the addition of the land to the assessment roll for taxes for that year was in accord with the requirements of section 109-a of the Village Law. Plaintiffs argue with respect to the second defense that section 109-a did not contemplate or permit such an addition to the tax rolls in the case of lands annexed to the village, and that this is demonstrated by the enactment in the following year of a legislative amendment definitely permitting such. In answer to this it is to be pointed out that exemptions from taxation are not to be favored, and that the courts are astute to deny a claim therefor, unless it is clearly apparent that such was the legislative intent (*City of Rochester* v. *Rochester Ry. Co.*, 182 N. Y. 99; 37 Cyc. 891), and the amendment of 1929, properly considered, seems in the nature of a legislative confirmation of what was an entirely just and practicable construction of the former reading of the section.

The second defense also refutes the suggestion of duplication of taxation. The annexation of land to a different political-geographical location subjects it to the taxation of the new location, and frees it from that of the old (43 C. J. 139, 146), so that, if despite this the land was still retained on the New York city tax roll, there was adequate time for application for remission therefrom after the boundary act went into effect and before New York city taxes would become a lien on May first. There may still be opportunity for that remedy. (Greater New York Charter, § 897, as amd. by Laws of 1915, chap. 592.) The remaining defense avers facts which may constitute an equitable estoppel against plaintiffs, in that they failed to invoke the provisions of the Village Law whereby any defect in the assessment might have been remedied in the taxes of the next year.

For the reason herein stated, I am of the opinion that the defenses are sufficient, and the motion to dismiss same and for judgment on the pleadings is accordingly denied.