## DEHNE v. MINE SAFETY APPLIANCE CO.
### No. 6415.

Circuit Court of Appeals, Third Circuit.
Feb. 3, 1938.

---

Howard Zacharias, of Pittsburgh, Pa., for appellant.

Charles Alvin Jones, and Carl D. Smith, both of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Western District of Pennsylvania. The appellee, receiver of the First National Bank of Wilkinsburg, brought suit to recover alleged preferential payments made by the bank to the appellant while the bank was insolvent or in contemplation of insolvency. A jury trial was waived. On March 6, 1933, the bank suspended its usual and normal banking operations pursuant to the Presidential Proclamation. It never thereafter procured a license to reopen. On March 23, 1933, the Comptroller of the Currency appointed a conservator for the bank, and on December 5, 1933, appointed the appellant, Edgar C. Dehne, receiver. By December 6, 1934, the conservator and receiver had distributed a dividend of 75 per cent. to all creditors. From March 6, 1933, the bank's activities were restricted to the receipt of deposits which it held in a trustee account for withdrawal by the depositors at any time and for payments to depositors of money to procure food, drugs, or other necessaries or for payment of salaries to employees. It carried on these restricted activities in the belief that it was authorized to do so by Treasury Regulation No. 10, promulgated March 7, 1933, and amended March 10, 1933, which provides as follows:

"Any national or State banking institution may exercise its usual banking functions to such extent as its situation shall permit and as shall be absolutely necessary to meet the needs of its community for food, medicine, other necessities of life, for the relief of distress, for the payment of usual salaries and wages, for necessary current expenditures for the purpose of maintaining employment, and for other similar essential purposes. (Banking institutions may carry out such transactions as may be necessary to aid banking institutions in other communities to meet the necessities set forth above:) Provided, however, that (1) every precaution shall be taken to prevent hoarding or the unnecessary withdrawal of currency; (2) no State banking institution shall engage in any transaction under this regulation which is in violation of State or Federal law or of any regulation issued thereunder; (3) no national banking association shall engage in any transaction under this section which is in violation of any Federal law or of any order or regulation issued by the Comptroller of the Currency; and (4) no gold or gold certificates shall be paid out. Each banking institution and its directors and officers will be held strictly accountable for faithful compliance with the spirit and purpose as well as the letter of this regulation. * * * * "

On March 7, 1933, the appellant had on deposit with the bank the sum of $12,517.08 in an account designated "Payroll Account." Upon affidavit of the appellant that the moneys so withdrawn would be for pay roll purposes, the bank paid a check dated March 6, 1933, on March 9, 1933, for $3,505.05 and a second check on March 16, 1933, for $9,012.03, making a total of $12,517.08 in withdrawals. The appellee, as receiver, brought suit for the difference between the total amount withdrawn by the appellant and the dividend to which the appellant was entitled.

The President's Proclamation closed all banks, solvent as well as insolvent. For such banks as were solvent and capable of carrying on normal banking operations, were it not for the bank holiday, Treasury Regulation No. 10 permitted some activity; namely, payments for necessities and for pay roll purposes. The exception was made for the purpose of easing the restrictions on banks which could carry on except for the bank holiday. There was no intention through the promulgation of Treasury Regulation No. 10 to allow a bank which was insolvent or in

958

contemplation of insolvency to make payments in contravention of the provisions of the National Bank Act, 12 U.S.C.A. § 91. The trial court has found upon the evidence that the bank was in contemplation of insolvency on March 6, 1933. The bank was therefore prohibited from making the payments to the appellant, not by reason of the President's Proclamation, but because of its financial status at the time. The pleadings and proofs justify the court's conclusion that the bank was in contemplation of insolvency on March 6, 1933, for no activity of the bank between March 6, 1933, when it closed, and March 23, 1933, when the conservator was appointed, altered its financial status. If the situation of the bank was such as to prevent normal banking business on March 23, 1933, the same condition existed on March 6, 1933. Under the circumstances found by the learned District Judge, there was no error in his finding that the payments to the appellant were improvidently made and were recoverable as constituting an unlawful preference.

The judgment of the court below is affirmed.