COUNTY SECURITIES, INC., Respondent, *v.* ALICE SEA-
CORD, Appellant, Impleaded with Others.

Argued April 18, 1938; decided May 24, 1938.

*Lyle Evans Mahan* and *Morgan H. Seacord* for appellent. The transfer of tax lien act is invalid. The City Council had no power to pass an act providing the manner of collecting taxes. (*Genet* v. *City of Brooklyn,* 99 N. Y. 296; *Gautier* v. *Ditmar,* 204 N. Y. 20; *Matter of District No. 2, Town of Brookhaven,* 214 App. Div. 40; *Matter of Brooklyn Children's Aid Society,* 166 App. Div. 852; *Browne* v. *City of New York,* 241 N. Y. 96; *Cleveland* v. *City of Watertown,* 222 N. Y. 159; *People ex rel. Brewster* v. *Wendell,* 196 App. Div. 613; *Gould* v. *Gould,* 245 U. S. 151; *New York Steam Corp.* v. *City of New York,* 268 N. Y. 137; *Garfield* v. *New York Tel. Co.,* 268 N. Y. 549.) The City Council had no power to prescribe a method of enforcing transfer of tax liens. (*Riglander* v. *Star Co.,* 98 App. Div. 101; 181 N. Y. 531; *Adler* v. *Deegan,* 251 N. Y. 467; *Schieffelin* v. *Leary,* 219 App. Div. 660; *Gennis* v. *Milano,* 135 Misc. Rep. 209; *Matter of Siracusa,* 125 Misc. Rep. 882.)

*Sidney H. Posner, Reuben v. K. Posner, Aaron Simmons* and *Murray C. Fuerst* for respondent. The transfer of tax lien act is valid. (*Matter of Mooney* v. *Cohen,* 272 N. Y. 33; *Gautier* v. *Ditmar,* 204 N. Y. 20; *Matter of*

*Osborn* v. *Cohen,* 272 N. Y. 55; *Bareham* v. *Rochester,* 246 N. Y. 140.) The right to foreclose tax liens is a remedy which the City Council had the right to provide. (*Adler* v. *Deegan,* 251 N. Y. 467.)

HUBBS, J. The city of New Rochelle was formerly governed by a charter granted by the Legislature by chapter 559 of the Laws of 1910. In 1932, acting under the provisions of chapter 363, Laws of 1924, chapter 76 of the Consolidated Laws, known as the " City Home Rule Law," it purported to amend its charter but in general effect it adopted a new charter. (Local Law No. 1, 1932, p. 209.) The original charter and the charter as amended contained a complete plan for the assessment and collection of taxes. It provided for the collection of delinquent taxes by the sale of the land assessed. After the new charter went into effect, the city, by Local Law No. 5 (Local Laws 1932, p. 270), purported to amend its charter by providing that liens for unpaid taxes might be sold to the person making the best offer and foreclosed by the purchaser by action in the Supreme Court. Taxes assessed against appellant remaining unpaid, the city, acting under the provisions of Local Law No. 5, proceeded to sell the tax lien at auction. Respondent purchased the tax lien and started to foreclose it. Appellant by answer asserted that the sale of the tax lien was void as the Legislature had not conferred upon the city authority to change the method of collecting delinquent taxes. The question presented is whether the Legislature, by the " City Home Rule Law," conferred upon the city authority by local law to change the tax law as embodied in the city charter granted by the Legislature. If it had such jurisdiction it must be found in the amendment to the Constitution (N. Y. Const. art. 12, §§ 2–4) and the " City Home Rule Law " adopted pursuant to such constitutional amendment. Prior to the adoption of the constitutional amendment and the enactment of the " City Home Rule Law " the enact-

ment of tax laws was exclusively a State function. (6 McQuillin on The Law of Municipal Corporations, § 2523; *People ex rel. Griffin* v. *Mayor*, 4 N. Y. 419.)

That did not mean, however, that the State might not delegate to a county or city power to assess and collect taxes in different ways. (*Gautier* v. *Ditmar*, 204 N. Y. 20.)

If the Legislature had, prior to the enactment of the " City Home Rule Law " or since its enactment, expressly granted to the city of New Rochelle authority to collect delinquent taxes by the sale of tax liens instead of by the sale of the property itself, such grant of power would clearly have been constitutional. (*Gautier* v. *Ditmar*, *supra.*)

Many statutes have been enacted by the Legislature conferring upon cities and counties special methods for the assessment and collection of taxes. (Cf. *Town of Amherst* v. *County of Erie*, 260 N. Y. 361.)

The power of taxation, being a State function, the delegation of any part of that power to a subdivision of the State must be made in express terms. It cannot be inferred. (6 McQuillin on The Law of Municipal Corporations, §§ 2531, 2523; *City of Rochester* v. *Bloss*, 185 N. Y. 42; *Village of Charlotte* v. *Keon*, 207 N. Y. 346; *City of New York* v. *Matthews*, 180 N. Y. 41; *Matter of Second Ave. M. E. Church*, 66 N. Y. 395.)

The " City Home Rule Law " conferred upon cities certain definite powers. The powers conferred have been stated in the case of *Browne* v. *City of New York* (241 N. Y. 96) as follows: " Neither the Constitution of New York nor the City Home Rule Law confers these blanket powers upon the cities of this State. The local laws must touch a city in its *property, affairs or government*, but this alone will not support them. There is yet another restriction. They must touch the city's property, affairs or government in one or more of certain enumerated ways, *i. e.,* by ' relating ' (1) ' to the powers, duties, quali-

fications, number, mode of selection and removal, terms of office' or 'compensation' of 'officers and employees of the city,' or (2) ' *the transaction of its business*, the incurring of its obligations,' or ' the presentation, ascertainment and discharge of claims against it,' or (3) ' the acquisition, care, management and use of its streets and property,' or (4) ' the wages, salaries, hours of labor, etc., of employees of its contractors and subcontractors,' or (5) ' the government and regulation of the conduct of its inhabitants and the protection of their property, safety and health ' " (p. 119). Since the decision in that case the statute has been changed to read " including but not limited to " instead of " relating to." (Laws of 1928, ch. 670; Laws of 1929, ch. 646; City Home Rule Law, art. 2, § 11.)

Nowhere in this or any other statute can be found an express grant of power to cities to enact local laws which have the effect of changing the method of collection of taxes provided for in the original charter and the general Tax Law (Cons. Laws, ch. 60).

It is urged that the general words of the constitutional amendment and the " City Home Rule Law " indicate an intent to confer power upon cities to enact local laws which change the method of collection of taxes. It is pointed out that the collection of delinquent taxes touches a city in its " property, affairs or government " and in the " transaction of its business." However, the words " property, affairs or government " have a narrow significance. (*Adler* v. *Deegan*, 251 N. Y. 467.) Not all laws which touch a city in its " property, affairs or government " can be controlled by local laws. A law which affects the State at large is not subject to change by a local law although the State law may affect a city in its " property, affairs or government." " No local law shall supersede any provision of an act of the legislature relating to the property, affairs or government of cities which provision in terms and in effect applies alike

to all cities, nor any provision of an act of the legislature which provision relates to matters other than the property, affairs or government of cities, whether in terms and in effect applying alike to all cities or not, nor any provision of an act of the legislature enacted pursuant to article twelve of the constitution on an emergency message from the governor and by the concurrent action of two-thirds of the members of the legislature." (City Home Rule Law, § 12, subd. 2.)

The general Tax Law of the State provides for the sale of the property in the enforcement of tax liens. (Tax Law, art. 7.) That law applies in all cases except where the Legislature by express language has provided a different method to be employed in certain subdivisions of the State. (Tax Law, § 160.) The Local Law No. 5 cannot supersede the general Tax Law of the State, as it is in direct conflict with section 12, subdivision 2, of the " City Home Rule Law " above quoted, whether it be construed to be a local law which touches the city in its " property, affairs or government " or not.

We do not pass upon the other questions presented.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Judgments reversed, etc.