### HAIGHT v. CITY OF SYRACUSE.

District Court, N. D. New York.
May 29, 1940.

---

Keith F. Driscoll, of Syracuse, N.Y., for receiver of Salt Springs Nat. Bank.

James C. Tormey, Corp. Counsel, of Syracuse, N.Y. (Arthur M. Beach, Deputy Corp. Counsel, of Syracuse, N.Y., of counsel), for City of Syracuse.

BRYANT, District Judge.

By this suit the receiver of the Salt Springs National Bank seeks to recover from the City of Syracuse the proceeds of certain pledged securities paid to the City by the Bank after it was officially closed. Recovery is sought on the ground that the City obtained unlawful preference within the meaning of the National Bank Act. There is no dispute of material facts.

The Salt Springs National Bank of Syracuse, a duly chartered national bank, was closed by proclamations, made by the Governor of New York, March 4, 1933, and the President, March 6, 1933, declaring a bank holiday. The Bank was not thereafter opened for business. A conservator, appointed March 28, 1933, remained in control until a receiver was appointed on January 22, 1934, who was the predecessor of the present receiver, appointed October 29, 1934.

Syracuse is a city of the second class. In 1931, it had a number of deposits in the Salt Springs National Bank. The City and Bank entered into an agreement whereby the Bank agreed to and did pledge assets to secure the deposits of the City funds. In 1932, the City of Syracuse, pursuant to the provisions of the so-called "City Home Rule Law", passed a local law, Loc.Laws 1932, pp. 358, 359, designated as Section 69a of Article 6 of Chap. 55 of the Laws of 1909, entitled "The Second Class Cities Law", which in substance authorized a depository, in lieu of any undertaking required or permitted by law to be executed by a surety company, to execute an undertaking without securities and as collateral thereto to deposit bonds. After the passage of this local law the agreement, above mentioned, was renewed and was in existence at the time of the closing of the Bank. At that time, the City had on deposit, in various accounts, with the bank $504,009.18, and the city had as collateral, pursuant to the agreement, about $345,000 of bonds. Thereafter, upon the request of City officials and with the authorization and consent of the Comptroller of the Currency, the conservator and receiver of the Bank sold the securities so deposited and turned the proceeds, $283,506.36, over to the city, as security against loss and not in reduction of the amount which dividends were to be paid. At the time of trial, dividends, in the aggregate of 70%, had been declared on the outstanding claims of the bank. The dividends on the city's claim amounted to $352,806.41. Of this amount $220,502.82 was paid which, with the $283,506.36 mentioned above, reimbursed the City in full. I understand that since the submission of the case dividends aggregating 12½% have been declared but not paid to the City. On June 29, 1936, the receiver made demand on the City for return of the $283,506.36 paid.

It must be presumed that the bank was insolvent prior to the making of the first payment on December 13, 1933. Dehne v. Mine Safety Appliance Co., 3 Cir., 94 F.2d 956; Downey v. City of Yonkers, D.C., 23 F.Supp. 1018, affirmed 2 Cir., 106 F.2d 69 and 309 U.S. 590, 60 S.Ct. 796, 84 L.Ed. 964. Under the authority of the last cited case, plaintiff is entitled to recover unless the facts show the bank had been granted express power to pledge assets. The Act of June 25, 1930, 12 U.S.C.A. § 90, gave the bank power to secure the deposits of the City of Syracuse only if the laws of the State authorized its banking institutions so to do. Concededly, there is no specific statute in New York authorizing the pledge. Defendant asserts that the local law, above mentioned, furnishes this express power. I cannot agree with this contention. The City Home Rule Law did not confer upon the city authority to change the banking law of the State. Banks operate under general laws alone. Such a law is not subject to change by a local law. County Securities, Inc. v. Seacord, 278 N.Y. 34, 15 N.E.2d 179.

Plaintiff is entitled to recover $283,506.-36, being the amount of proceeds of securities received, with interest thereon from date of demand, less dividends declared but not paid with interest thereon from payment dates, and costs.

Findings may be presented on notice.