SAMUEL C. GRIFFIN, Plaintiff, *v.* CITY OF SYRACUSE, Defendant.

Supreme Court, Trial Term, Onondaga County, October 31, 1942.

*Albert Averbach* and *Elmer L. Murray* for plaintiff.

*James C. Tormey, Corporation Counsel (Merwin W. Lay* of counsel), for defendant.

SEARL, J. This action is in ejectment, a jury having been waived.

Plaintiff was formerly the owner of a plot of land comprising several acres, located in the city of Syracuse, and he has been out of possession since 1939. Defendant claims title by reason of tax deeds. A portion of the property has been converted into a public playground, with a building, tennis courts and other

recreation facilities supplied. Plaintiff contends that the property was erroneously described for tax sale purposes and that any alleged title in the city was derived by virtue of unconstitutional municipal or State legislation.

The city assessed taxes for the years 1930–1939. Although the evidence disclosed some dispute as to the boundary lines of the property, the tax roll and other documentary evidence indicated that the ward, name of owner, name of street and tract of land, as well as lot number, were set forth. Applying the real test as to whether the owner was actually misled or deceived by any possible fault in the description, no such claim can be made, especially in view of the fact that plaintiff was in actual possession of the property.

If inconsequential errors exist, still where the owner can readily identify the property, the assessment cannot be successfully attacked. (*Blum* v. *Nassau P. & B. Corp.*, 256 N. Y. 232; *McCoun* v. *Pierpont*, 232 N. Y. 66; *Lee v. Farone*, 261 App. Div. 674; affd., 288 N. Y. 517.)

Therefore, this feature of the case is necessarily resolved in favor of the defendant.

Plaintiff further contends that the tax sale by which the city acquired tax sale certificates, the City Treasurer bidding in for the city all certificates covering parcels offered for sale, was in contravention of the State Tax Law (Cons. Laws, ch. 60), and unconstitutional.

For many years tax sales were conducted by virtue of a special legislative act passed in 1906 (L. 1906, ch. 75.) This act provided that the real estate be sold " at public auction."

The City Home Rule Law, section 11, subdivision 1 (Cons. Laws, ch. 76, as amd. by L. 1939, ch. 867) gave to cities the power to adopt and amend local laws relating to " the preparation, making, confirmation and correction of local assessments for taxation purposes, * * * the levy, collection and administration of city taxes on real property." Such local laws may change or supersede any provision of an act of the Legislature heretofore enacted, which provision does not in terms and in effect apply alike to all cities. The enumeration of powers in this subdivision is not intended to imply that any of such powers are not included within the power of a city to adopt and amend local laws in relation to its property, affairs and government. Prior to the passage of this law the " enactment of tax laws was exclusively a State function." (*County Securities, Inc.*, v. *Seacord*, 278 N. Y. 34, 36.)

In 1925, the year after the passage of the City Home Rule Law, the city of Syracuse passed a local law (Local Law No. 4 of Syracuse, 1925, § 6 [Local Laws, p. 274]) permitting the City Treasurer to bid in tax certificates covering all property offered for sale, and since that date the City Treasurer has so acted.

In 1938, Judge HUBBS wrote his opinion in the *Seacord* case (*supra*), which plaintiff claims nullifies all titles acquired by the city to property bid in by the City Treasurer since 1925, for lack of a public auction where any person might bid.

The next year, however, after the Seacord decision, namely, in 1939, the Legislature amended section 36 of the City Home Rule Law as follows: " All existing charters, local laws and other laws, so far as not inconsistent with this chapter, shall continue in force until lawfully repealed, amended, modified or superseded. Any local law which could be validly enacted under this chapter as hereby amended, if heretofore adopted by the local legislative body of any city and not heretofore held invalid by a court of competent jurisdiction, shall be valid and shall not hereafter be held invalid because of any lack of power of such local legislative body to enact such local law at the time of its enactment. Such local law shall be deemed effectual from the date when such local law purported to take effect and all acts authorized thereby are legalized and confirmed." (L. 1939, ch. 867.)

Plaintiff argues that the tax deed in question was void when executed for the reason that the public were excluded from bidding for the certificates two years previously and that no subsequent legislation can validate it. Plaintiff urges that the defect is jurisdictional and that the addition to the law is unconstitutional, having no curative effect.

Defendant takes the position that the provision permitting the City Treasurer to bid in the certificates at tax sales is in the interest of this and all other taxpayers; that the provision permitted the owner a two-year period within which to redeem the property, and that experience since 1925 has demonstrated that such a programme has eliminated the deplorable practice of speculative bidding in tax certificates at the sales only to subject the owner to unconscionable demands for a return of the property before or after the expiration of the redemption period.

A careful analysis of the entire situation leads to the conclusion that the Court of Appeals has disposed of the question of constitutionality when it wrote in the *Seacord* case, at page

37: " If the Legislature had, prior to the enactment of the ' City Home Rule Law ' or since its enactment, expressly granted to the city of New Rochelle authority to collect delinquent taxes by the sale of tax liens instead of by the sale of the property itself, such grant of power would clearly have been constitutional."

In the case at bar, the City Treasurer purchased a *tax certificate* only in 1937. This did not entitle the city to receive a deed of the " property itself " until after the owner had failed to redeem during a period of two years.

Justice MOREHOUSE, of this district, in a well-considered opinion, *City of Syracuse* v. *Murray* (179 Misc. 244), stated:

" Without doubt, the Legislature possesses the power to retroactively validate procedure which involves only irregularities in the mode or manner of performing some act. As was stated by Judge HUBBS in *Matter of Pardee* v. *Rayfield* (192 App. Div. 5, at pp. 10–12, affd., 230 N. Y. 543) ' * * * All of the incidents of taxation are within the control of the Legislature. * * * The fact that the statute in question is retroactive does not make it unconstitutional. * * * What it could have done in the first instance, it could do by subsequent enactment. * * * The law of this State seems to be settled, by a long line of cases going back to the earliest days, to the effect that what the Legislature could originally have done, it can do by ratification and confirmation subsequently. * * * The Legislature may validate retrospectively any proceeding which it might have authorized in advance. * * *.'

" Again, Judge HUBBS, writing for the court in *Dunkum* v. *Maceck Building Corp.* (256 N. Y. 275, at p. 285), said: ' Defects in tax titles which are not jurisdictional may be remedied by curative acts passed for the purpose of correcting past defects and irregularities which constitute clouds on tax titles. " If the irregularity consists in doing some act, or in the mode and manner of doing some act, which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law." '

" There appears to be no constitutional guaranty that property liable to liens for delinquent taxes must be disposed of at public sale to the highest bidder. The direction that such property be purchased by the City Treasurer constituted no more than a change in the manner and method of a sale to which it was subject."

(See, also, opinion of Justice EDGCOMB in *City of Buffalo* v. *Hawks*, 226 App. Div. 480; affd., 251 N. Y. 588.)

Public policy speaks here in favor of the defendant. When one taxpayer refuses to meet his tax obligations, he throws his burden directly upon the shoulders of his neighbor who perchance can pay his normal tax only at the greatest sacrifice.

Judgment is granted defendant for the relief demanded in the answer, without costs to either party.