HARRY COLEMAN, Plaintiff, *v.* ADDISON MALLERY, as Mayor of the City of Saratoga Springs, et al., Defendants.*

Supreme Court, Special Term, Saratoga County, April 28, 1945.

* See, also, *McSweeney* v. *Bazinet*, 269 App. Div. 213.— [REP.

*Schwartz, Slade, Harrington & Goldsmith* for plaintiff.

*Patrick J. Keniry* for Herman Mintzer, defendant.

*Francis E. Dorsey* for Addison Mallery, as Mayor of the City of Saratoga Springs, and others, defendants.

*David W. Burke* for I. L. Goldman, defendant.

RYAN, J. This action was instituted by the plaintiff as a taxpayer, under authority of section 51 of the General Municipal Law, to set aside and cancel a sale and conveyance of the United States Hotel properties from the defendant, the City of Saratoga Springs, to the defendant Herman Mintzer. The issues were submitted to the court on an agreed stipulation of fact, which established among other things, that the defendant, the City of Saratoga Springs, had acquired title to the United States Hotel properties located in that city for the nonpayment of taxes, pursuant to the provisions of sections 93 and 95 of the Charter of the City of Saratoga Springs (L. 1915, ch. 229, as amd. by L. 1916, ch. 229).

The original Charter which was granted by chapter 229 of the Laws of 1915, but which was amended generally by chapter 229 of the Laws of 1916, contained no provision establishing the method by which the city could dispose of real property acquired by it through a tax sale. It is the contention of the defendants that this deficiency was supplied in 1927 by amending section 56 of the Charter through the enactment of Local Law No. 3, which law provided in part: " The council may change or sell at private sale or at auction upon a published notice, any property of the city.'' (Local Laws, 1927.)

This local law was enacted after the adoption of the City Home Rule Amendment to the State Constitution of 1894 (art. XII, § 3), and the enactment of the City Home Rule Law in 1924. That a city may amend its charter obviating the necessity of public sale, was decided in the case of *Griffin* v. *City of Syracuse* (179 Misc. 250, affd. 266 App. Div. 1055).

Pursuant to the provisions of this local law, the defendant City of Saratoga Springs sold the property which is the subject of this litigation in December of 1944 to the defendant Herman Mintzer. The method adopted in this transfer was the same method by which the defendant city had disposed of real property acquired by it on tax sale over a period of years.

It is the contention of the plaintiff that irrespective of the provisions of the Charter of the City of Saratoga Springs and the amendments thereto, the only method by which the defendant city in December, 1944, could dispose of property acquired by it on tax sale, was the method set forth and contained in section 23 of the General City Law.

Subdivision 1 of section 23 of the General City Law provides in part: " The powers granted by this act are to be exercised by the officer, officers or official body vested with such powers by any other provision of law or ordinance (subject to amendment or repeal of any such ordinance) and in the manner and subject to the conditions prescribed by law or ordinance (subject to amendment or repeal of any such ordinance), but no provision of any special or local law shall operate to defeat or limit in extent the grant of powers contained in this act; and any provision of any special or local law which in any city operates, in terms or in effect, to prevent the exercise or limit the extent of any power granted by this article, shall be superseded." The only ordinance or local law which this section is designed to supersede is an ordinance or local law which seeks to prevent the exercise or limit the extent of any powers granted by article 2-A of the General City Law.

Does the amendment of section 56 of the Charter of the City of Saratoga Springs, referred throughout this proceeding as Local Law No. 3, " prevent the exercise or limit the extent of any power " granted by article 2-A? It is the opinion of this court, that it does not, but that to the contrary Local Law No. 3 confers a broader and a less restricted power than that provided for in section 23 of the General City Law. The General City Law was designed to provide a method of procedure for municipalities that had failed or neglected to provide a method of procedure of their own for the sale and disposition of real property acquired through tax sales.

It is the further contention of the plaintiff that the enactment of Local Law No. 3 was violative of both subdivisions of section 12 of the City Home Rule Law. If such was the situation any defect or error that may have originally existed has been corrected by subsequent amendments to the City Home Rule Law (L. 1928, ch. 674; L. 1929, ch. 646; L. 1939, ch. 867*).

The United States Hotel located on the westerly side of Broadway in the city of Saratoga Springs is a large rambling structure, and from which, at the time of the sale to the defend-

---

* Provisions legalizing under various conditions local laws theretofore adopted were contained in L. 1928, ch. 674, § 2; L. 1929, ch. 646, § 2, and L. 1939, ch. 867, § 1 (City Home Rule Law, § 36).— [REP.

ant Mintzer, there had been removed its telephone system, and all of the hotel furnishings and other personal property.

The City of Saratoga Springs, through its officials and duly authorized representatives had labored diligently to utilize this property, or in lieu to dispose of it advantageously during the entire period in which the City held title to the premises. However, changing conditions in the city of Saratoga Springs had further removed the probabilities of salvaging the premises for hotel purposes, and the residents of the city were agitated less the property be put to some use that would prove inimical to the interests of the community.

Therefore, after an unsuccessful attempt was made to dispose of the property at public sale, of which all the residents of the city had notice, it was decided to raze the buildings. It was following this decision that the City of Saratoga Springs entered into the contract of sale with the defendant Mintzer for the sale of the property for $23,000. Mintzer was to raze the buildings and perform other specified conditions, which would appear to be for the best interest of the residents and property owners of the city.

To characterize this transaction as a precipitate and ill-considered sale, would require this court to ignore completely the assiduity and sincerity of purpose demonstrated by the public officials of the city in the discharge of their public duty.

The defendants are entitled to judgment dismissing the complaint, with costs, and it is so ordered.

