■ In the Matter of JOSEPH MANZI, Appellant, v. H. ELIOT KAPLAN, as President of the New York State Civil Service Commission, et al., Respondents.— In a proceeding under article 78 of the former Civil Practice Act (now CPLR, art. 78), to annul a determination made in a disciplinary proceeding finding the petitioner, a hospital staff attendant at a State mental hospital, guilty of failing to report proof of assault by another attendant upon a hospital patient, and demoting the petitioner, the petitioner appeals from an order of the Supreme Court, Queens County, dated June 28, 1962, which denied his petition. Order affirmed, without costs. In our opinion the acting director of the hospital, who had been so designated by the Commissioner of the Department of Mental Hygiene, possessed all the powers of the director of the hospital; hence the acting director was empowered to hear the charges and to make the determination. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of CAROL MONTEFUSCO, Respondent, v. GEORGE SOEHL, Appellant.— In a proceeding to establish the paternity of a child born out of wedlock, the respondent appeals from an order of the Family Court, Suffolk County, made October 15, 1963 after a nonjury trial, which declared him to be the father. Order reversed on the law, without costs, and a new trial granted. No questions of fact were considered. The petitioner was 17 years of age when she gave birth to the child. Upon the trial it became apparent during her cross-examination that the appellant would contend that at or about the time of her conception she, at his request, had had sexual relations with another man. Thereafter, the appellant was sworn as a witness and, despite the court's advice as to his right not to testify in view of the possibility of a charge of statutory rape, he proceeded to testify. On the direct examination by his counsel, the appellant stated that he had met the petitioner about a month before the time of conception and that he had had "intercourse" with her. Thereupon, the court immediately declared that it was holding the appellant for the Grand Jury; it summarily adjudged him to be the father of the child; and it abruptly terminated the trial without giving him an opportunity to complete his testimony or to call additional witnesses in his behalf. Under the circumstances, appellant was denied due process of law, in that he was deprived of his day in court and of a reasonable opportunity to be heard (*City of Buffalo* v. *Hawks,* 226 App. Div. 480, 483; *Rosenblum* v. *Rosenblum,* 181 Misc. 78, 82). In the interests of justice a new trial should be had before another Judge. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.