■ FRANK L. CANINO, as Commissioner of Finance of the City of Syracuse, Appellant, v AHLEEN ENGLESTEIN, as Executrix of DAVID ENGLESTEIN, Deceased, Respondent.—Order and judgment affirmed, with costs, upon opinion at Special Term, Stone, J. Memorandum: We add that *Matter of Ueck* (286 NY 1), appropriately discussed by Justice Stone in his opinion at nisi prius, was recently followed by us in *City of Buffalo v Cargill, Inc.* (55 AD2d 61). We concluded there that under the current Buffalo City Charter and Erie County Tax Act the personal liability of an owner for delinquent real property taxes is extinguished by the tax sale. Writing for the majority Presiding Justice Marsh made this cogent statement at page 66: "[T]he determination as to the personal liability of defendant should not turn merely upon the statutory use of the term 'tax lien' in providing for the annual tax sale or the use of the term 'real property'. The focus of the analysis should be upon whether there was a legislative intent to change the law as enunciated in *Matter of Ueck* that personal liability for payment of taxes does not survive the tax sale." The city's reliance on section 44 of the act is misplaced. The instant action is not a foreclosure proceeding and therefore section 44's reference to a deficiency judgment is inapplicable to the situation at bar. If this section has any applicability in a tax proceeding, it would be with reference to personal liability for a deficiency to the extent of current taxes which had become a lien but which were not yet sold at a tax sale. It is significant that since 1906, the effective year of the Tax and Assessment Act of the City of Syracuse, there has been no judicial determination of the issue involved in the instant case. As stated by our associate, then Surrogate, Witmer, J., in *Matter of Wood* (187 Misc 972, 977, affd 273 App Div 937): "[i]t seems that the most that can be said of the [City's] position thereon is that the Act is not entirely clear in respect of the nature of the lien. However, it is familiar law that no change in tax practices may be inferred, but must be made in express terms *(County Securities, Inc. v Seacord,* 278 NY 34, 37); and that where any doubt exists as to the meaning and application of a tax statute, it must be resolved in favor of the taxpayer". All concur; Moule, J. P., in the following memorandum: I concur in the result reached by the majority. The situation presented here is not sufficiently similar to that in *City of Buffalo v Cargill* (55 AD2d 61) to warrant a holding that the personal liability of the property owners was not

extinguished by a sale of the tax certificates. While the Syracuse Tax and Assessment Act does in one instance refer to such tax certificates as a lien upon the property (see, Syracuse Tax and Assessment Act, § 44), that section only applies to foreclosure proceedings and, as such, is irrelevant to the instant case. The remainder of that act makes no reference to whether such tax certificates should constitute a lien on the property thereby continuing personal liability of the real property owners until expiration of the period of redemption. This is vastly different from the situation in *City of Buffalo v Cargill* wherein both the City of Buffalo charter and the Erie County Tax Act made specific and numerous references to the sale of "tax liens". Accordingly, the analysis which I proffered in my dissent in that case, viz., that the *Ueck* decision should not be controlling, is not applicable here and based upon the language of the Syracuse act personal liability of the property owners was extinguished. (Appeal from order and judgment of Onondaga Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.