Boening v Nassau County Dept. of Assessment (2018 NY Slip Op 00272)





Boening v Nassau County Dept. of Assessment


2018 NY Slip Op 00272


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-08696
 (Index No. 1818/14)

[*1]Donald Boening, et al., appellants, 
v
Nassau County Department of Assessment, et al., respondents.


Cronin, Cronin, Harris & O'Brien, P.C., Uniondale, NY (Laureen Harris of counsel), for appellants.
Rivkin Radler, LLP, Uniondale, NY (William M. Savino, Stephen J. Smirti, Jr., and M. Paul Gorfinkel of counsel), for respondents.



DECISION & ORDER
Appeal from a judgment of the Supreme Court, Nassau County (Anthony F. Marano, J.), entered July 3, 2015. The judgment, insofar as appealed from, upon an oral decision of that court dated January 8, 2015, declared that the defendants were authorized to enact and enforce Nassau County Local Law 8-2013.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In 2013, the defendant Nassau County Legislature adopted Nassau County Local Law 8-2013 (see Nassau County Administrative Code § 6-30.0; hereinafter Local Law 8-2013), which requires owners of designated income-producing properties in Nassau County to file a statement setting forth "all income derived from and all expenses attributable to the operation of such property" (Nassau County Administrative Code § 6-30.0[b]).
These income and expense statements are intended to be used by the defendant Nassau County Department of Assessment (hereinafter the Department of Assessment) to assess the value of income-producing property for the purposes of taxation. Under Local Law 8-2013, landowners who fail to file a required income and expense statement are subject to certain enumerated penalties (see Nassau County Administrative Code § 6-30.0[f]).
The plaintiffs commenced this action against the County of Nassau, the Department of Assessment, and the Nassau County Legislature, arguing that the New York State Legislature had not delegated the authority to prepare assessment rolls to counties. The plaintiffs sought a declaration that Local Law 8-2013 was a "nullity" because the County lacked the authority to pass local laws pertaining to the preparation of assessment rolls.
In an oral decision issued on January 8, 2015, the Supreme Court stated that "[u]nder the County Charter the County has an obligation to assess all property situated in [Nassau] County and liable to taxation." The court found that "the Nassau County Charter provides that it's the duty of the assessor to prepare the assessment rol[l]."
The Supreme Court determined that the County had the authority to require owners to file income and expense statements pursuant to "both . . . the Municipal Home Rule Law and the Nassau County Charter." The court concluded that Local Law 8-2013 was "not inconsistent with [*2]the New York State Constitution [or] with any general law" and that it was "a valid exercise of authority given to the County from the [S]tate."
In a judgment entered July 3, 2015, upon the oral decision, the Supreme Court declared, among other things, that the defendants were authorized to enact and enforce Local Law 8-2013. The plaintiffs appeal, arguing that the State Legislature had not expressly delegated to the County the power to prepare assessments.
"As limited by the State and Federal Constitutions' protection of individual rights and restriction of state power, the State Constitution establishes the state government as the preeminent sovereign of New York, and the three coordinate branches of the state government may exercise the entire legislative, executive and judicial power of the State" (Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d 606, 619; see NY Const, art III, § 1; art IV, § 1; art VI).
"Given that the authority of political subdivisions flows from the state government and is, in a sense, an exception to the state government's otherwise plenary power, the lawmaking power of a county or other political subdivision can be exercised only to the extent it has been delegated by the State'" (Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 619, quoting Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 376; see Matter of Cohen v Board of Appeals of Vil. of Saddle Rock, 100 NY2d 395, 399-401).
"Perhaps the most significant delegation of state legislative authority is embodied in article IX of the Constitution, the home rule article" (Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 620). That article provides for the creation of local governmental entities and grants certain powers to local governments (see NY Const, art IX, §§ 1, 2; Kamhi v Town of Yorktown, 74 NY2d 423, 428).
As relevant here, article IX of the NY Constitution provides "[i]n addition to powers granted in the statute of local governments or any other law . . . every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to . . . [t]he levy, collection and administration of local taxes authorized by the legislature" (NY Const, art IX, § 2[c][ii][8]).
As the wording of this provision makes clear, however, this power to enact local laws applies only with respect to local taxes that have been "authorized by the legislature" (NY Const, art IX, § 2[c][ii][8]). Indeed, "the Constitution expressly imbues the state government, rather than any locality, with [t]he power of taxation'" (Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 619, quoting NY Const, art XVI, § 1; see 41 Kew Gardens Rd. Assoc. v Tyburski, 70 NY2d 325, 333). The NY Constitution provides that "[a]ny laws which delegate the taxing power shall specify the types of taxes which may be imposed thereunder and provide for their review" (NY Const, art XVI, § 1).
Accordingly, "state law governs the tax field unless the state legislature or the Constitution unambiguously delegates certain taxation authority to a political subdivision" (Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 619-620; see NY Const, art XVI, § 1). "[T]he delegation of any part of [the] power [of taxation] to a subdivision of the State must be made in express terms," and the delegation of any form of taxation authority "cannot be inferred" (County Sec., Inc. v Seacord, 278 NY 34, 37; see Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 620).
"To implement article IX [of the NY Constitution], the Legislature enacted the Municipal Home Rule Law" (DJL Rest. Corp. v City of New York, 96 NY2d 91, 94; see Municipal Home Rule Law § 50[1]). The Municipal Home Rule Law sets forth the general powers of local governments to adopt and amend local laws in accordance with article IX of the NY Constitution (see Municipal Home Rule Law § 10[1]; 41 Kew Gardens Rd. Assoc. v Tyburski, 70 NY2d at 332; Kamhi v Town of Yorktown, 74 NY2d at 429).
As relevant here, the Municipal Home Rule Law tracks the language of the NY Constitution in that it grants to a "county, city, town or village" the authority "to adopt and amend local laws . . . relating to . . . [t]he levy and administration of local taxes authorized by the [*3]legislature" (Municipal Home Rule Law § 10[1][ii][a][8]). It also grants those local entities the authority "to adopt and amend local laws . . . relating to . . . [t]he collection of local taxes authorized by the legislature" (Municipal Home Rule Law § 10[1][ii][a][9]). Consistent with the NY Constitution, the Municipal Home Rule Law only permits the enactment of such local laws with respect to local taxes that have been "authorized by the legislature" (Municipal Home Rule Law § 10[1][ii][a][8], [9]).
Municipal Home Rule Law § 10 also sets forth additional powers of local governments to enact local laws (see Municipal Home Rule Law § 10[1][ii][b]-[e]). These additional powers are categorized under separate subdivisions applicable to counties (see Municipal Home Rule Law § 10[1][ii][b]), cities (see Municipal Home Rule Law § 10[1][ii][c]), towns (see Municipal Home Rule Law § 10[1][ii][d]), and villages (see Municipal Home Rule Law § 10[1][ii][e]).
The statute expressly gives cites, towns, and villages the authority to adopt and amend local laws relating to "[t]he preparation, making, confirmation and correction of assessments of real property" (Municipal Home Rule Law §§ 10[1][ii][c][2], [d][1], [e][1]). However, no similar provision was included in the subdivision applicable to the additional powers of counties (see Municipal Home Rule Law § 10[1][ii][b]).
Instead, the subdivision applicable to counties merely authorizes the enactment of local laws relating to the "establishment of a county tax department," which may be permitted to, among other things, "advise with and assist all assessors, collectors and receivers of taxes of the various tax districts within the county in the discharge of their duties" (Municipal Home Rule Law § 10[1][ii][b][2]). It also authorizes counties to pass local laws relating to "[t]he method for the correction of assessment rolls and tax rolls as authorized by title three of article five of the real property tax law" (Municipal Home Rule Law § 10[1][ii][b][6]).
The plaintiffs contend that because this section of the Municipal Home Rule Law does not give all New York counties the power to adopt and amend local laws relating to the preparation or making of assessments, the State Legislature did not give Nassau County the authority to make or prepare assessments. This contention is without merit.
The Municipal Home Rule Law explicitly states that it is not the sole statutory source for local authority: "The powers herein granted shall be in addition to any other powers granted to counties by any other provisions of general or special laws, including but not limited to charters, administrative codes, special acts or local laws" (Municipal Home Rule Law § 35[3]).
Pursuant to article III, section 26 of the 1894 NY Constitution, the State Legislature enacted legislation in 1936, "providing an alternative form of government for certain counties and providing for the submission of the same to the electors of any such county" (L 1936, ch 879). "Nassau County elected to adopt [this] alternate form of government established by state legislation" (Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 612). The act became effective in Nassau County on January 1, 1938 (see Nassau County Charter, preamble; see generally Matter of Torre v County of Nassau, 86 NY2d 421, 424).
The statute provided that "the board of supervisors shall have power to . . . exercise powers of local legislation and administration as provided in section twenty-six of article three of the constitution of the state of New York" (L 1936, ch 879, § 103[2]). Furthermore, as relevant here, the statute provided that "the board of supervisors shall have power to . . . make appropriations, levy taxes and incur indebtedness for the purpose of carrying out any of the powers and duties conferred or imposed on the county or any officer, board, commission or other authority thereof, by this act or otherwise by law" (L 1936, ch 879, § 103[6]; see Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 612).
The statute further provided that "[t]he board of supervisors may provide by ordinance a plan . . . for the assessment of property for tax purposes, the making of appropriations, the period for which appropriations are made, the levy of taxes, the collection of taxes, the accrual of penalties, the sale of tax liens and the foreclosure thereof" (L 1936, ch 879, § 2201; see Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 612).
In addition, the statute created the Nassau County "board of assessors" (L 1936, ch 879, § 601). The statute provided that "it shall be the duty of the board of assessors . . . to assess all property, real and personal, situated in the county" (L 1936, ch 879, § 602; see Matter of Bowery Sav. Bank v Board of Assessors, 80 NY2d 961, 964). The statute stated that "[i]t shall be the duty of the board of assessors to adopt such rules and regulations . . . as will establish an equitable and scientific system of assessing property for taxation" (L 1936, ch 879, § 603).
As the defendants point out, "the accurate determination of the full value of the property to be taxed . . . is critical to whatever formula or methodology is employed for ultimately arriving at the tax due" (41 Kew Gardens Rd. Assoc. v Tyburski, 70 NY2d at 330). The Court of Appeals has recognized that "[t]he income capitalization approach is generally regarded as the preferred method for determining the value of income-producing property" (id.).
In addition, the income capitalization method can be effective only with thorough data, including accurate actual income and operating expenses of the subject properties (see id. at 331). As the defendants correctly contend, the income and expense statements at issue in this case, which were effectuated through Local Law 8-2013, serve this precise purpose and fulfill the County's duty to "establish an equitable and scientific system of assessing property for taxation" (L 1936, ch 879, § 603).
Although the NY Constitution was subsequently amended in 1938, and its home rule provisions were changed, it nevertheless specifically provided that "[e]xisting laws applicable to the government of counties . . . shall continue in force until repealed, amended, modified or superseded by law" (1938 NY Const, art II, § 26[7]). Similarly, although the home rule provisions of the NY Constitution were again amended in 1963 (see 1963 NY Const, art IX), the NY Constitution nevertheless continued to provide that "[t]he provisions of this article shall not affect any existing valid provisions of acts of the legislature or of local legislation and such provisions shall continue in force until repealed, amended, modified or superseded in accordance with the provisions of this constitution" (1963 NY Constitution, art IX, § 3[b]). That section of the NY Constitution remains in force to this day (see NY Const, article IX, § 3[b]).
Accordingly, the changes to the NY Constitution did not affect the express grant of authority from the State Legislature to the County of Nassau that was contained in the 1936 statute (see L 1936, ch 879). Subsequent statutory enactments at the state level have also explicitly preserved these existing laws. For example, Municipal Home Rule Law provides that, in enacting the statutory home rule provisions, "[i]t [was] not the intention of the legislature . . . to . . . abolish or curtail any powers or rights heretofore conferred upon or delegated to a county or counties or to any of the units of government therein or to any board, commission, body or officer thereof" (Municipal Home Rule Law § 35[2][a]; see Municipal Home Rule Law § 35[2][b]). Furthermore, the State Legislature specifically provided that "[a]ll existing valid provisions of laws, charters and local laws not specifically repealed by this chapter shall continue in force until lawfully repealed, amended, modified or superseded" (Municipal Home Rule Law § 56[1]; see Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 616).
"The Municipal Home Rule Law also permits counties to amend their charters in a manner consistent with applicable state laws and the Constitution" (Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 616). Although, pursuant to this authority, Nassau County has amended or renumbered certain provisions applicable here, it has not abdicated the powers granted to it under the 1936 law (see Nassau County Charter, §§ 103[7], 2201).
The Board of Supervisors has been renamed the County Legislature and its powers transferred to that body (see Nassau County Charter § 102). However, the County Legislature still maintains the "power to . . . make appropriations, levy taxes and incur indebtedness for the purpose of carrying out any of the powers and duties conferred or imposed on the county or any officer, board, commission or other authority thereof, by this act or otherwise by law" (Nassau County Charter § 103[7] [renumbered by Local Law No. 2 (1954)]).
The County Legislature also remains empowered to "provide by ordinance a plan . . . for the assessment of property for tax purposes, the making of appropriations, the period for which appropriations are made, the levy of taxes, the collection of taxes, the accrual of penalties, the sale [*4]of tax liens and the foreclosure thereof" (Nassau County Charter § 2201 [amended by L 1951, ch 607]).
In addition, although the authority of the board of assessors has been vested in the Department of Assessment, headed by the County Assessor (The Nassau County Charter §§ 601, 608), the duties of the board of assessors have been transferred to that office (The Nassau County Charter § 608). The duties of the County Assessor thus include "the duty . . . to assess all property situated in the County" (The Nassau County Charter § 602), and "to adopt such rules and regulations as will establish an equitable and scientific system of assessing property for taxation" (The Nassau County Charter § 603). These are the same powers granted to the County by the State Legislature in 1936 (see L 1936, ch 879).
In view of the foregoing, we conclude that these provisions of the Nassau County Charter, duly enacted by the State Legislature, still have the force and effect of a statute (see Korn v Gulotta, 72 NY2d 363, 373 ["the governing statute in this case is the Nassau County Charter enacted by the State Legislature in 1936"]; Matter of Town of N. Hempstead v County of Nassau, 103 AD3d 734, 735 ["the County Comptroller may properly audit the subject park district pursuant to the authority granted to county comptrollers by the New York State Legislature pursuant to L 1936, ch 879, § 402(6), which Nassau County later adopted"]).
Accordingly, contrary to the plaintiffs' contention, these provisions of the Nassau County Charter constitute an express and unambiguous delegation of the authority to make and prepare real property tax assessments from the State Legislature to Nassau County in accordance with the NY Constitution (see NY Const, art XVI, § 1; Matter of Baldwin Union Free Sch. Dist. v County of Nassau, 22 NY3d at 619-620; County Sec., Inc. v Seacord, 278 NY at 37). Since Local Law 8-2013 unquestionably relates to the authority to make and prepare tax assessments, and since the County Legislature has the authority to enact local laws related to that purpose, the Supreme Court properly declared that the defendants were authorized to enact and enforce Local Law 8-2013.
MASTRO, J.P., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court