In the Matter of the Application of WESTERN ELECTRIC COMPANY, INCORPORATED, Petitioner, for a Certiorari Order against FRANK J. TAYLOR, Comptroller of the City of New York, Respondent.

Supreme Court, Special Term, New York County, January 28, 1937.

*T. Brooke Price* and *Homer H. Breeland,* for the petitioner.

*Paul Windels, Corporation Counsel [Oscar S. Cox, Frank J. Derrick* and *Robert Granville Burke* of counsel], for the respondent.

COTILLO, J.  The comptroller of the city of New York has moved to vacate an order of certiorari to review a determination assessing a privilege or franchise tax against the petitioner in the sum of $342.66, with interest and penalties.  The ground upon which it is sought to vacate is that petitioner did not allege in its petition that it had paid the tax assessed and deposited an undertaking for costs as required by Local Law No. 21 (published as No. 22) of New York City Local Laws of 1934.

While the amount of the assessment complained of is small, the petition is in the nature of a test case as to the power of the city of New York to enact the provisions of the local law (*supra*), which requires as a prerequisite to maintaining certiorari to review a sales tax assessment, the payment of the tax assessed and the deposit of an undertaking for costs.

The authority of the State to delegate to the city the right to levy an emergency relief tax of this character was sustained in *New York Steam Corporation* v. *City of New York* (268 N. Y. 137). The taxpayer has not questioned this right, but it denies the authority of the city to adopt special rules as to certiorari proceedings different from those provided generally in such cases by the Civil Practice Act.

It is true that the State enabling act* pursuant to the authority of which the local law in question was adopted is silent as to the procedure to be adopted in the review of assessments. But if it is granted that the State had the power to delegate the taxing authority for relief, and the Court of Appeals has so held, it had the right to prescribe the procedure to be adopted by the local authorities. The fact that the State law is silent on that point does not indicate that the procedure must follow that employed in other tax assessment matters. If the State had assumed the direct charge of the excise tax and had provided special procedural legislation regulating certiorari in the manner the city has done there could have been no valid objections to such legislation. The urgency of raising funds for relief in the exceptional situation which gave rise to the emergency measures is the best justification for barring any steps which will hinder the immediate collection of the needed funds. The State could properly relegate the taxpayer to a claim for a refund of overpayment. It would seem to follow that any power of regulation of procedure which the State had is delegated by implication to the city. To hold otherwise would be to defeat the effectiveness of the relief legislation, postponing the city's ability to cash in the funds urgently needed for relief. Such an interpretation would tend to postpone the collection of much of the necessary moneys until the time when the havoc created by misery and want should become irreparable.

The motion to vacate the certiorari order is granted with leave to amend *nunc pro tunc* upon the taxpayer's complying with the conditions imposed by law.

Settle order.

---

* Laws of 1933, chap. 815.