A. REGINALD VON KELLER, Respondent, v. ROBERT P. KOEHLER, Appellant, and Another, Defendant.— Order denying the appellant's motion to dismiss the

complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs,· with leave to the plaintiff to serve an amended complaint within ten days from the entry of the order hereon. The essential allegations of the complaint are to the effect that the appellant Koehler entered into an agreement with The Karpark Corporation for the exclusive rights for the sale of parking meters; that the plaintiff and Koehler entered into a contract whereby the plaintiff was to act as salesman for Koehler and that Karpark knew of this arrangement. It is also alleged that the plaintiff has performed his contract and that a dispute has arisen between the plaintiff and defendants as to rights of the parties. There is an allegation from which it might be inferred that the plaintiff was to receive one-half of the commissions received by Koehler from Karpark, but no direct allegation that any sum is due. The relief sought is for a declaratory judgment and an accounting. No facts are alleged to establish any contractual relationship between the plaintiff and Karpark. Knowledge of the plaintiff's contract on the part of Karpark is insufficient to establish privity of contract between Karpark and the plaintiff. The essence of the plaintiff's complaint is an ordinary action at law to recover commissions. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305.) Under such circumstances there is no necessity for resorting to a declaratory judgment. (*James* v. *Alderton Dock Yards*, *supra*.) Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.