450

CARODIX CORPORATION, Respondent, *v.* ANNA COMISKEY et al., Defendants, and ALICE SEACORD, as Executrix and Trustee under the Will of CHARLES G. BANKS, Deceased, Defendant-Appellant.

Second Department, February 8, 1943.

*Lyle Evans Mahan* and *Morgan H. Seacord* for appellant.

*Aaron Simmons, Corporation Counsel* (*Murray C. Fuerst* of counsel), for respondent.

JOHNSTON, J. In an action to foreclose a tax lien sold by the city of New Rochelle, judgment was entered in favor of plaintiff. Alice Seacord, who had an interest in the property upon which the taxes accrued, appeals. She raises two questions: (1) that Local Law No. 1 of the New Rochelle Local Laws of 1932, and Local Law No. 1 of 1933, pursuant to which the taxes originally were assessed and levied, are unconstitutional; and (2) that chapter 855 of the Laws of 1939, and Local Law No. 3 of the New Rochelle Local Laws of 1939, pursuant to which the city sold and transferred its tax lien, also are unconstitutional.

The Special Term resolved both questions adversely to appellant, holding that this court had so determined in *City of New Rochelle* v. *Seacord* (264 App. Div. 882). While in that case we decided the first question, the second was neither involved nor considered.

In my opinion chapter 855 of the Laws of 1939, and Local Law No. 3 of 1939 are valid enactments and may be sustained under the constitutional provisions as they existed both before and after January 1, 1939. The first statute, which adds section 168-c to the Tax Law, reads as follows:

" *Foreclosure of tax liens by cities; local laws.* Notwithstanding any of the provisions contained in this chapter and in addition to the right to foreclose tax liens as contained in local charters, every city is hereby authorized and empowered by local law to provide that the right of such city to receive taxes

and assessments and the lien therefor, may be sold at public sale by such city and that after such sale it may transfer the same to a purchaser and that the city may become the purchaser at such sale or sales under such terms and conditions as may be prescribed in said local law.

" Such local law shall provide how frequently the sales shall be held, what rate of interest may be exacted by the purchaser but in no event in excess of twelve .per centum per annum and shall contain such other provisions as may be necessary to effectively provide for a means of the sale of the aforesaid right to receive taxes and assessments.

" Provisions of the tax law of the state of New York including any amendments thereto relating to the institution of actions for the foreclosure of tax liens shall apply to the foreclosure of tax liens sold pursuant to any such local law."

Subsequently and on August 21, 1939, the city of New Rochelle adopted Local Law No. 3 of 1939, which repealed the existing charter provisions (Local Law No. 5 of 1932 as amd. by Local Law No. 4 of 1934, No. 5 of 1936 and No. 1 of 1937) relating to both the sale and foreclosure of tax liens, and substituted new provisions (§§ 350–361), which provide only for the sale by the city of tax liens subject to the conditions therein prescribed.

Before considering the validity of section 168-c of the Tax Law, approved June 13, 1939, and effective the same day, it is necessary to determine if — as urged by appellant — it was repealed by chapter 692 of the Laws of 1939, approved June 3, 1939, and effective October 1, 1939.

The present status of section 168-c is questioned because, while apparently it is a provision of old article 7-A of the Tax Law, it was added by chapter 855 of the Laws of 1939, approved June 13, 1939, and effective upon approval, which was subsequent to approval and prior to the effective date of the repealing law. (L. 1939, ch. 692.) Confusion also arises not only because old article 7-A and section 168-c relate generally to the same subject, but because of the order of the section numbers. Old article 7-A embraced sections 162 to 168-b, while the added section was numbered 168-c. Bearing in mind that chapter 692 of the Laws of 1939 became a law on June 3, 1939, and section 168-c did not become a law until ten days thereafter, obviously the former did not repeal the latter statute even though the former did not become effective until October 1, 1939. Moreover, an analysis of both statutes shows that section 168-c was not repealed by chapter 692 of the Laws of 1939. While the latter statute repealed old article 7-A in its entirety, it also added a new article VII-A, called the " Uniform delinquent tax

enforcement act," which provides that any tax district may elect, by resolution, to adopt either or both methods of procedure for the foreclosure of tax liens described in title 2 and title 3 of new article VII-A (Tax Law, § 162).

The court made a finding that on November 20, 1939, the city of New Rochelle, by resolution, elected to adopt the procedure specified in title 2. New article VII-A — like old article 7-A — does not refer to the sale but relates only to the foreclosure of tax liens. Section 168-c, on the other hand, is, in effect, an independent enactment granting authority to a city to provide by local law for the sale of tax liens. It was intended to be complementary to old article 7-A as it then read or might thereafter be amended, for the last paragraph provides: " Provisions of the tax law of the state of New York including any amendments thereto relating to the institution of actions for the foreclosure of tax liens shall apply to the foreclosure of tax liens sold pursuant to any such local law."

Appellant also urges that, in any event, section 168-c (L. 1939, ch. 855) is void because it is a delegation of legislative power to a city, with respect to taxation, not sanctioned either by the State Constitution or the City Home Rule Law. Appellant, while admitting the Legislature may authorize a city to sell its tax liens, contends it may not empower a city to adopt a local law providing for its right to do so. If this contention be sound, then the sale by the city of its tax lien was invalid and this action to foreclose the lien must fail. That the contention is without merit appears from the decision in *County Securities, Inc.*, v. *Seacord* (278 N. Y. 34), upon which appellant relies. There the court held invalid Local Law No. 5 of the New Rochelle Local Laws of 1932, which purported to amend the city charter by providing that liens for unpaid taxes might be sold to the person making the best offer and foreclosed by the purchaser. The court pointed out that the Home Rule Amendment to the Constitution (former art. XII, §§ 2–4) did not confer power upon cities to enact local laws changing the method of collection of taxes, nor did the City Home Rule Law (L. 1924, ch. 363, as amd.; L. 1928, ch. 670; L. 1929, ch. 646) contain an express grant of power to cities to do so. In other words, the court did not hold that the Legislature was without power to authorize cities to adopt local laws respecting the method of collection of taxes, but that it failed to exercise such power.

Subsequent to the decision in the *County Securities* case (*supra*), the statute in question (L. 1939, ch. 855) was enacted. It expressly conferred upon cities the optional right to assume, by local law, the power to collect taxes through the medium of

selling tax liens. It makes no reference to the right of a purchaser to foreclose his lien.

But even if the validity of the statute (Tax Law, § 168-c, added by L. 1939, ch. 855) and Local Law No. 3 of the New Rochelle Local Laws of 1939 be doubtful under the Home Rule Amendment and City Home Rule Law as they read at the time the *County Securities* case (*supra*) was decided, in my opinion they may be sustained under the present Constitution (effective January 1, 1939) and the present City Home Rule Law (as amd., L. 1939, ch. 867, effective June 14, 1939). The Constitution (art. IX, § 12) provides: " Every city shall also have the power to adopt and amend local laws not inconsistent with this constitution and laws of the state, and whether or not such local laws relate to its property, affairs or government, in respect to the following subjects: * * * the collection and administration of local taxes authorized by the legislature, * * *."

In accordance with the above provision of the Constitution, section 11 of the City Home Rule Law was amended. It provides: "* * * the local legislative body of a city shall have power to adopt and amend * * * local laws in relation to * * * the levy, collection and administration of city taxes on real property, other city taxes authorized by the legislature, * * * liens on local property in connection therewith and charges thereon, * * *." Thereafter, on August 21, 1939, Local Law No. 3 of 1939, providing for the sale by the city of tax liens, was enacted.

These provisions of the Constitution and the statute expressly confer upon cities the authority to adopt local laws relating to the collection and administration of local taxes. In other words, they supply the omission in the Home Rule Amendment and the City Home Rule Law which was emphasized in the *County Securities* case (*supra*). Nor is Local Law No. 3 of 1939 inconsistent with the general Tax Law, which was the situation with regard to Local Law No. 5 of 1932, considered in the *County Securities* case (*supra*).

The provisions of the amendment to the City Home Rule Law are merely remedial and affect only the procedure. Hence, it may not be urged they do not apply to taxes imposed prior to their enactment. (*City of New York* v. *Appleby,* 219 N. Y. 76, 82; *Jacobus* v. *Colgate,* 217 N. Y. 235, 240.)

The judgment should be affirmed, with costs.

Present — CLOSE, P. J., HAGARTY, JOHNSTON, ADEL and LEWIS, JJ.

Judgment unanimously affirmed, with costs.