CHILDREN'S BUS SERVICE, INC., Plaintiff, *v.* CITY OF NEW YORK
et al., Defendants.

Supreme Court, Special Term, Kings County, May 9, 1947.

*Charles E. Murphy, Corporation Counsel (Isaac C. Donner and Morris L. Heath of counsel), for defendants.*

*Samson Merriam and Walter Jeffreys Carlin for plaintiff.*

WALSH, J. Defendants move to dismiss the complaint.

Plaintiff, feeling itself aggrieved by the action of the defendants in imposing utility taxes upon part of its receipts in the operation of omnibuses, seeks a judgment declaratory of its rights under local tax laws, and injunctive relief. Defendants presently move to dismiss the complaint on the ground that the court lacks jurisdiction to entertain the action, and on the further ground that it is barred by a limitations provision of the local law.

Plaintiff operates two types of omnibus service which are involved herein, one for the exclusive transportation of children to and from schools, under contract with the Board of Education of the City of New York, pursuant to the State Education Law; also a service under other contracts, defined by it as "charter work."

Its school bus contract with the Board of Education began in September of 1935 and on July 3, 1941, this contract was renewed for the period from September 8, 1941, to June 30, 1946. In the

latter part of 1939 and the early part of 1940 defendant Comptroller made an audit of plaintiff's books for the years 1935 to 1939, inclusive, as a result of which it was determined that such portion of plaintiff's income as was derived from school bus operation was subject to the city's business or gross receipts tax (Administrative Code of City of New York, chap. 41 tits. E, R, RR); that its nonschool or " charter " bus income was subject to the city's utility tax law of 1939 (Administrative Code of City of New York, chap. 41 tit. Q), and plaintiff paid the taxes assessed against it for such years on that basis. Prior to July 1, 1939, both types of buses were subject only to the gross receipts tax. On such basis, also, in April, 1941, it prepared its bid for school bus transportation for the Board of Education, as a result of which it received the contract. On March 27, 1942, and again on May 18, 1943, the comptroller ruled that plaintiff's income derived from the operation of school buses was not subject to the utility tax, but on February 28, 1944, this holding was reversed and plaintiff's school bus income was held subject to the utility tax for the period from January 1, 1940, to December 31, 1942. This change in ruling was based upon an interpretation of the language of Local Law No. 104 of 1939 which amended Local Law No. 22 of 1938 which had enacted the " Utility Tax " *eo nomine,* adding it to the Administrative Code under title " Q " of chapter 41; although prior to that it had really been put into effect as a tax for emergency unemployment relief by Local Law No. 23 of 1937. Prior to July 1, 1939, the utility tax law had defined utilities subject to its impost (Administrative Code of City of New York, Q41–1.0, subd. 6 [Local Laws, 1938, No. 22]) as " *  *  * any person subject to the supervision of either division of the department of public service, and every person whether or not such person is subject to such supervision to the extent that such person shall engage in the business of furnishing or selling to other persons gas, electricity, steam, water, refrigeration, telephone or telegraph service."

Concededly plaintiff did not fall within any of the above categories.

Plaintiff was put there, the city contends, by the amendment effected by Local Law No. 104 of 1939 which, in defining a " utility " (Administrative Code of City of New York, Q41–1.0, subd. 6), added to the foregoing " every person  *  *  * who shall engage in the business of operating omnibuses  *  *  *." Such local law also amended section Q41–2.0 (entitled " Imposition of excise tax ") and it is with respect to the language of

this amendment that the whole dispute herein lies, plaintiff arguing that it expressly exempts school buses from the operation of the utility tax law (with which contention the city, apparently, originally concurred); the city now contending that school buses are taxable thereunder at the rate of 1%. (Revenue derived from nonschool bus operation would be taxable at 3% thereunder.)

(Note: By Local Law No. 80 of 1940, effective July 1, 1940, title Q of chapter 41 was again amended, at which time buses were included in a new definition as " vendor of utility services " [see Q41–1.0, subd. 7], the tax imposition clause [Q41–2.0] being similarly amended. The amendments so made did not change the effect of the prior law as above outlined. Since 1940, plaintiff concedes the changes effected have been minor and do not bear on the points in issue herein.)

Following his determination of February 28, 1944, as above stated, the comptroller levied a deficiency tax on plaintiff in accordance therewith.

Plaintiff protested it and a hearing before the comptroller was requested in conformity with the provisions of section Q41–6.0 of the Administrative Code. Such hearing is still to be had formally and such review before the comptroller is still pending.

Section Q41–6.0 of the Administrative Code as enacted by Local Law No. 104 of 1939, provided: " *Determination of tax.*— In case the return required by section Q41–4.0 hereof shall be insufficient or unsatisfactory, or if such return is not made as required    *    *    *    the comptroller and treasurer shall determine the amount of the tax due    *    *    *. Notice of such determination shall be given to the person liable for the payment of the tax. Such determination shall finally and irrevocably fix such tax unless the person against whom it is assessed shall within thirty days after the giving of notice of such determination apply to the comptroller for a hearing on such determination. After such hearing the comptroller shall give notice of his decision to the person liable for the tax. The determination of the comptroller shall be reviewable for error, illegality, unconstitutionality or any other reason whatsoever by a proceeding under article seventy-eight of the Civil Practice Act if instituted within thirty days after the giving of the notice of such determination. Such a proceeding shall not be instituted unless the amount of any tax sought to be reviewed with penalties and interest thereon, if any, shall have first been deposited with the treasurer and an

undertaking filed with the comptroller  *  *  *  to the effect that if such proceeding be dismissed or the tax confirmed, the petitioner will pay all costs and charges which may accrue in the prosecution of the proceeding.''

It is to be noted from the foregoing that the final ruling of the comptroller (after such hearing) is reviewable in the courts under article 78 of the Civil Practice Act.

It is further provided in the utility tax law itself that the remedy by application for review to the comptroller is '' exclusive '' unless the taxpayer within thirty days from the deficiency tax assessment pays the deficiency and applies to the courts for a declaratory judgment, posting a bond for costs.

Section Q41–9.0 of the Administrative Code, as enacted by Local Law No. 104 of 1939, provides: '' *Remedies exclusive.* The remedies provided by sections Q41–6.0  *  *  *  shall be the exclusive remedies available to any person for the review of tax liability imposed by this title; and no determination of tax  *  *  *  shall be enjoined or reviewed by an action for declaratory judgment  *  *  *  or by any action or proceeding other than a proceeding under article seventy-eight of the Civil Practice Act; provided, however, that a taxpayer may proceed by declaratory judgment if he institutes suit within thirty days after a deficiency assessment is made and pays the amount of the deficiency assessment to the treasurer prior to the institution of such suit and posts a bond for costs  *  *  *.''

Concededly plaintiff has not complied with this provision and its noncompliance is urged by defendants as one of the bases of the present motion to dismiss the complaint as barred by the thirty-day period of limitations. The deficiency assessment was made on February 28, 1944. The present action was begun on January 5, 1945, ten months after the expiration of the prescribed limitation.

Plaintiff's position is that the '' exclusive remedy '' provision is not binding on it under the authority of *Richfield Oil Corp.* v. *City of Syracuse* (287 N. Y. 234), where at page 239 the court held: '' An action for a declaratory judgment may be maintained, despite the provisions of a taxing statute which provide that the method of judicial review prescribed therein shall be exclusive, where the jurisdiction of the taxing authorities is challenged on the ground that the statute is unconstitutional or that the statute by its own terms does not apply in a given case. (*Dun & Bradstreet, Inc.,* v. *City of New York*, 276 N. Y. 198.)  But where it is sought to set aside the assessment on

other grounds, then the assessment may be reviewed only in the manner provided in the statute.'' (Cases cited.) :

The foregoing principle was stressed by the Court of Appeals in *Dun & Bradstreet, Inc., v. City of New York* (276 N. Y. 198, *supra*) where at page 204 it was said: '' If the local law does not by its terms impose a tax upon appellant, the Comptroller cannot by the adoption of a rule or regulation impose such a tax. * * * He cannot extend the local law to cover and include those not intended to be covered by its terms.''

Plaintiff's challenge is not based on constitutional grounds, but its right to bring this action is predicated on the second exception cited in the *Richfield* case (*supra*), namely, '' * * * that the statute by its own terms does not apply in a given case.''

A reading of the applicable provision of the local law (§ Q41–2.0) does not, however, sustain plaintiff's argument in this respect. Rather is the contrary the case. It sustains the city's contention that income from school bus operation is taxable at the 1% rate and nonschool bus operation at the 3% rate.

The right of New York City to adopt local laws of taxation such as those herein stems from enabling acts passed by the Legislature. Defendants cite as specific authority chapter 327 of the Laws of 1937 and the amendatory statutes continuing same to date, the latest of which is chapter 156 of the Laws of 1944. These acts vest the city with broad powers within the field of their described purpose.

Plaintiff challenges the power of the city effectively to restrict remedies otherwise available to plaintiff by enactment of the '' exclusive remedy '' provisions of section Q41–9.0 of the Administrative Code.

A similar challenge was considered by the Court of Appeals in *Matter of Western Electric Co.* v. *Taylor* (276 N. Y. 309). There the plaintiff had sought by certiorari to review the action of the city comptroller in assessing it for a sales tax under a local law which imposed conditions on the right to such relief. In affirming the order which vacated the order of certiorari the Court of Appeals upheld the imposition of such condition as within the city's implied powers under an enabling act; the language of which was in all respects similar to the enabling acts here involved (L. 1934, ch. 873; see *Western Electric Co.* case, *supra*, p. 310, and compare L. 1937, ch. 327, and L. 1944, ch. 156).

In the *Western Electric Co.* case (*supra*, p. 311) the issue is thus reported: '' In granting the motion to vacate, the court at Special Term held that as the State had power to delegate

taxing authority to the city of New York ' it had the right to prescribe the procedure to be adopted by the local authorities; ' that ' the fact that the State law is silent on that point does not indicate that the procedure must follow that employed in other tax assessment matters,' and that as the State could properly relegate the taxpayer to a claim for a refund ' it would seem to follow that any power of regulation of procedure which the State had is delegated by implication to the City.' (See 161 Misc. Rep. 749.) On the appeal herein the petitioner contends that chapter 873 of the Laws of 1934, * * * as construed by the courts below is unconstitutional in so far as it attempts to delegate to a municipality the legislative power of the State to regulate the jurisdiction of the Supreme Court * * *."

The court, as stated, in its *Per Curiam* opinion rejected this contention. (See, also, generally, *Carodix Corp.* v. *Comiskey,* 265 App. Div. 450, affd. 291 N. Y. 737.)

Moreover, it is to be noted that the legislative enabling act (see L. 1944, ch. 156) expressly reserves to the taxpayer the right to a court review from any '' final '' determination or ruling of the city taxing authorities.

The foregoing also disposes of plaintiff's claim that it has no adequate remedy at law.

Insofar as the plaintiff predicates its rights on claims of estoppel and misleading by the acts of defendant officials it must fail. (See *City of New York* v. *Wilson & Co.,* 278 N. Y. 86, 99; *New York City Employees' Retire. System* v. *Eliot,* 267 N. Y. 193; *New York Tel. Co.* v. *Board of Education of City of Elmira,* 270 N. Y. 111; *Seif* v. *City of Long Beach,* 286 N. Y. 382, 387; *People ex rel. Rice* v. *Graves,* 242 App. Div. 128, affd. 270 N. Y. 498; *Matter of Hines* v. *La Guardia,* 293 N. Y. 207, 216.)

The law favors the collection of taxes. (*City of Rochester* v. *Kapell,* 86 App. Div. 224, affd. 177 N. Y. 533; *County of Nassau* v. *Lincer,* 254 App. Div. 746, 760, affd. 280 N. Y. 662.)

As stated in *Richfield Oil Corp.* v. *City of Syracuse* (287 N. Y. 234, 242, *supra*) with respect to an '' exclusive remedy '' provision: '' The problem of taxation to pay for local improvements is one requiring not only just decisions, but also speedy and certain decisions. The statute provides the exclusive method of judicial review to the end that the validity of assessments when once levied may be speedily determined. The court is without power to grant special dispensation from the restrictions of the statute and, therefore, the complaints at bar were properly dismissed.''

The " exclusive remedy " provision under consideration in the *Richfield Oil* case (*supra*), it is true, was contained in the statute itself, but the reasoning would apply with equal force, for reasons hereinabove stated, to the " exclusive remedy " provision of the local law under consideration. The provisions of local laws have the force of statute in New York City (*Hart* v. *City Theatres Co.*, 215 N. Y. 322, 326).

Declaratory judgment is not properly invoked where resort to other available remedies would afford adequate relief. (*Rockland Light and Power Co.* v. *City of New York*, 289 N. Y. 45, 51; *Guardian Life Ins. Co. of America* v. *Graves*, 268 App. Div. 809, 810; *Casanave* v. *Robbins*, 262 App. Div. 873; *Von Keller* v. *Koehler*, 264 App. Div. 778.)

Defendants' motion to dismiss the complaint is granted without prejudice to plaintiff's right to pursue such other remedies as provided in the utility tax law and the enabling statutes under which it was enacted.