In the Matter of LEHIGH VALLEY RAILROAD COMPANY, Petitioner, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

First Department, December 2, 1952.

*Vernon C. Ryder* of counsel (*Vernon C. Ryder* and *Richard D. Lalanne,* attorneys), for petitioner.

*Morris L. Heath* of counsel (*Stanley Buchsbaum* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondent.

PECK, P. J. This is an article 78 of the Civil Practice Act proceeding to review a determination of the comptroller of the city of New York which denied petitioner's claim for a refund of taxes levied under the city's utility tax law (Administrative Code of City of New York, ch. 41, tit. Q).

Petitioner is a railroad company incorporated in the State of Pennsylvania and operating in the States of Pennsylvania, New Jersey and New York. Its principal office and center of operations is in the city of Bethlehem, Pennsylvania, although it maintains executive offices in the city of New York. Only a fraction of a percent of petitioner's trackage is located in New York City and of its total real property only 1½% is located in the city. Only 2% of its tonnage originates or terminates in the city. That petitioner is doing business in the city of New

York and subject to the utility tax is not denied, but that the extent of that business, related to its overall business, is negligible is apparent.

The question in the light of these facts is whether the financial incidents of certain transactions of purchase of petitioner's own mortgage bonds is income subject to the city utility tax. The bonds were purchased on the New York Stock Exchange at a price which was $3,872,545 below their issuing price, resulting in what the comptroller terms a " gain or profit " subject to tax under the law. The resulting tax of $116,176.35 was levied by the city and paid by petitioner under protest.

Concededly the financial benefit realized by petitioner through the favorable acquisition of its bonds was income in a tax sense under the decision of *United States* v. *Kirby Lumber Co.* (284 U. S. 1). It is another question, however, whether such income of this petitioner is subject to the local utility tax.

The city ascribes a local situs to the transactions by which the gain was effected. It points out that the bonds were payable in New York City and contends that the profit accrued in New York City when the bonds were purchased on the Stock Exchange in transactions which took place in New York City. The locality of the transactions aside, the city also contends that the tax is collectible upon the gross income of a utility doing business in the city of New York regardless of the source of the income.

Petitioner points out the rather elaborate pains it took to route the purchase orders for the bonds through Bethlehem and Philadelphia, and claims that the profits from the transactions are not allocable to New York but are attributable to system-wide capital, just as the bonds acquired were a lien upon system-wide assets. Petitioner challenges the applicability of the city utility tax law to the transactions and challenges the constitutionality of such a tax if the law were regarded as applicable.

We need not go beyond ruling that the utility tax is not applicable to the transactions in question. Nor need we define the extent to which nonlocal income of a utility doing business in the city of New York might be subject to the utility tax. Certainly the predicate of the tax is doing business in the city, and the tax is for the privilege of doing business in the city. The tax must, therefore, have some reasonable relation to doing business within the city. That is required both by the terms of the law and constitutional limitations. Obviously the negli-

gible portion of petitioner's property located in the city of New York and the negligible proportion of its business done here do not entitle the city to levy a tax upon system-wide income. The income of such a carrier subject to tax must be allocable to local operations or earnings.

The issue in the case, therefore, comes down to the question of whether the financial incidents of the bond purchases may be regarded as income earned locally because the purchases were effected over the New York Stock Exchange located in the city of New York. Again, we do not have to decide the instances in which, and the extent to which, gains from Stock Exchange transactions might be regarded as locally taxable. We have no difficulty in determining, however, that the gain from the transactions in question was not locally taxable.

The gain did not truly result from any local operation or activity. It resulted from the fact that a system-wide indebtedness was discharged for less than the face amount of that indebtedness. The gain was in the capital structure and improved financial position of the system as a whole. It would not be appropriate or allowable to allocate such a gain to a locality where the bonds happened to be purchased.

A further question submitted to us is whether petitioner is entitled to recover interest on the money which it has paid under protest and which we now rule has been improperly collected.

The local law under which the tax was collected provides for refunds "without interest" (§ Q41-7.0). The question is whether local law effectively bars petitioner's right to interest or whether there is some right to interest which cannot be cut off by the local law. The only argument made by petitioner in favor of its position in this respect is a constitutional argument, citing *Seaboard Air Line Ry.* v. *United States* (261 U. S. 299), a condemnation case in which it was held that the constitutional requirement of " just compensation " includes interest.

We are unable to see that the principle of that case extends to the present situation and indeed it has repeatedly been held that interest may not be recovered on claims against a sovereign in the absence of an express statutory provision (*United States* v. *Tillamooks,* 341 U. S. 48; *United States* v. *N. Y. Rayon Co.,* 329 U. S. 654). The same rule applies to a State as to the United States (*United States* v. *North Carolina,* 136 U. S. 211).

While it has been held that where a New York State statute providing for a refund was silent with respect to interest, interest would be awarded to a taxpayer (*Matter of O'Berry,*

179 N. Y. 285), it has also been held that where a taxing statute of this State provides for a refund without interest, no interest is awardable (*County of St. Lawrence* v. *State of New York,* 236 N. Y. 541). The only question which could remain, therefore, is whether the State has delegated to the municipality the authority to bar the recovery of interest (See *People ex rel. N. Y. C. R. R. Co.* v. *Limburg,* 283 N. Y. 344, 346; *County Securities, Inc.,* v. *Seacord,* 278 N. Y. 34, and *Carodix Corp.* v. *Comiskey,* 265 App. Div. 450, affd. 291 N. Y. 737). We deem it quite clear that under the broad delegation of the power of tax administration under the Constitution (art. IX, § 12) and City Home Rule Law (§ 11) and chapter 454 of the Laws of 1949, the city was authorized to provide for refunds without interest.

The determination of the comptroller should be annulled and judgment entered directing a refund to petitioner of the amounts unlawfully collected, together with the penalties and interest paid, with costs and disbursements, but without interest.

CALLAHAN, VAN VOORHIS and BREITEL, JJ., concur.

Determination unanimously annulled and judgment is directed to be entered directing a refund to petitioner of the amounts unlawfully collected, together with the penalties and interest paid, with costs and disbursements, but without interest. Settle order on notice.