Jacob Markowitz, J.
Plaintiffs move for summary judgment in an action for declaratory judgment against the City of New York, its Comptroller, and Treasurer. The defendants have cross-moved for summary judgment by motion No. 66 of the same date, and the papers submitted on both motions are considered herein.
The complaint alleges that on July 16, 1959 plaintiff, Realty Equities 1959 Corporation, hereinafter referred to as the “grantor”, conveyed to one Mandell, as grantee, certain real property in the Borough of Bronx; that the deed was executed, acknowledged and delivered in the City of White Plains, Westchester County; that the grantor and grantee at the time and place of closing executed the “ Real Property Transfer Tax Return ” on a form supplied by the Comptroller, showing a tax *818 of $275 to be due under Local Law No. 49 of 1959, known as the ‘ ‘ Real Property Transfer Tax ’ ’ law, and under the Comptroller’s regulations relating to said local law; that the grantor indicated on said return that it was paying the tax under protest ‘£ for the reason that the transaction was not taxable having been consummated outside the territorial limits of the City of New York ”; that the grantor paid the $275 under protest and thereafter demanded a refund from the Comptroller and Treasurer, but never received a return of the $275. The grantor accordingly seeks judgment for the $275 with interest from the date it was paid.
Said local law defines a taxable “deed” (Administrative Code of City of New York, § 146-1.0) to include a deed “ regardless of where made, executed or delivered, whereby any real property or interest therein is created, vested, granted, bargained, sold, transferred, assigned or otherwise conveyed” (italics supplied). “Real property or interest therein” is defined to consist of realty located wholly or partly £ 1 within the city of New York ”.
The complaint requests a declaratory judgment that the local law and the regulations issued thereunder are invalid, to the extent that they purport to tax a deed delivered outside the New York City limits.
In addition to the foregoing, both plaintiffs seek a declaratory judgment that the local law and regulations and the State’s enabling act are invalid in various other respects. This aspect of the complaint will be discussed presently.
The Real Property Transfer Tax law was enacted by the city pursuant to a 1959 amendment to the State’s enabling act (L. 1934, ch. 873, as amd.). Chapter 370 of the Laws of 1959 became effective July 1,1959. It added paragraph (e) to subdivision (1) of section 1 of said enabling act, empowering the city to adopt and amend local laws imposing: “(e) Taxes on each deed by which any real property is conveyed measured by the consideration or value of the interest or property conveyed, at a rate not to exceed one-half of one per centum of such consideration or value, provided that any such city may allow deductions for any liens on such interest or property and may also allow an exemption not in excess of twenty-five thousand dollars on the consideration or value of the interest or property conveyed and provided, further, that such taxes shall not apply if the contract for any such conveyance was made prior to May first, nineteen hundred fifty-nine ”.
The authority of the city to levy a tax on deeds is, however, expressly limited by subdivision (6) of section 1 of the enabling *819 act, which reads as follows: “ (6) This act shall not authorize the imposition of a tax on any transaction originating and/or consummated outside of the territorial limits of any such city, notwithstanding that some act be necessarily performed with respect to such transaction within such limits.”
The grantor’s right to the return of the $275 paid under protest thus depends upon whether the taxed transaction was consummated outside the territorial limits of New York City within the meaning of subdivision (6) {supra).
Subdivision (6) is also applicable to the sales tax imposed by the city in 1934 and still in existence. Where sales at retail were made in the city which, either expressly or by implication or trade usage, required delivery outside the city, the sales have been held to come within subdivision (6) and not to be taxable (Matter of Gunther’s Sons v. McGoldrick, 279 N. Y. 148). The court held that the sales were “ consummated ” when delivery was made. In Matter of National Cash Register Co. v. Taylor (252 App. Div. 90) the court said (p. 92): “It has been decided that the word ‘ consummated ’ * * * refers to the place of performance of the contract and not to the place of making thereof.” Because sales made in New York City calling for delivery outside of the city were not taxable even if the purchasers were residents of the city, the city enacted a “Compensating Use Tax” to prevent its residents from escaping taxation by taking delivery outside the city. That tax is, however applicable by its terms, only to “ tangible personal property ”.
The Corporation Counsel contends that the applicability of subdivision (6) to the sales tax has been determined by the courts, not on the basis of where title passed, from a technical legal standpoint, but on where the personalty sold was delivered, the delivery being held to be the “ consummation ” (Matter of United Autographic Register Co. v. McGoldrick, 260 App. Div. 157, affd. 285 N. Y. 531). Accordingly, it is urged that the fact that title passed in White Plains, when the deed was there delivered, is immaterial, there being no ‘1 consummation ’ ’ within the meaning of subdivision (6) until the grantee took actual possession of the property in New York City.
The difficulty with the city’s claim that there was no “ consummation ”, within the meaning of subdivision (6), when the deed was delivered in White Plains, is that the tax imposed by the new paragraph (e) is not, upon the sale, as is the case with the sales tax on personalty, but rather upon ‘ ‘ each deed by which any real property is conveyed”. The conveyance by deed is consummated when the deed is delivered to the grantee. No *820 further act by the grantor is required or necessary and none occurs in actual practice. Recording of the deed, if desired by the grantee, is done by the grantee, not by the grantor. The analogy of sales tax cases where the seller is required to make delivery is, therefore, imperfect. The transaction taxed by paragraph (e), viz.: a conveyance by deed, is completely consummated the moment the deed is delivered to the grantee.
A situation very similar to that obtaining here occurred recently in Pennsylvania. A Philadelphia ordinance imposed a stamp tax upon the making, execution, issuance or delivery of any document. A contract of sale of Philadelphia real estate was closed outside the territorial limits of Philadelphia. The court (City Stores Co. v. Philadelphia, 376 Pa. 482) declared that the tax was not on the real estate or on the document, but on ‘ ‘ certain transactions pertaining to real estate ’ ’. It held that (p. 488) “ the only ‘ transaction ’ referred to in this ordinance is the making, execution, issuing and delivering of the instrument of title, and it was therefore upon those operations that the tax was imposed, and since they all took place in Delaware County and not ‘ within the limits of such city ’ the transaction does not fall within the compass of the ordinance and the tax was accordingly avoided.” The same ruling was adhered to after the ordinance had been amended by adding an enforcement provision without enlarging the scope of the tax (Philadelphia Appeal, 383 Pa. 428). It was not until the ordinance was amended by defining the term “delivery” to include presentation of the document for recording in Philadelphia, if it related to Philadelphia real estate, that the tax was held applicable even though the grantee received the deed outside Philadelphia’s territorial limits (L. J. W. Realty Corp. v. Philadelphia, 390 Pa. 197, 200-201).
It is a well-established canon of statutory construction that, in resolving doubts as to the meaning of a statute levying a tax, it is to be strictly construed against the taxing power and in favor of the citizen. (Matter of Good Humor v. McGoldrick, 289 N. Y. 452; American Locker Co. v. City of New York, 308 N. Y. 264.)
The city while not disagreeing with this view, nevertheless maintains that the literal meaning of a statute must be disregarded where it is at variance with the clear intent of the Legislature and where the literal meaning would lead to absurd, unreasonable or illogical results. The difficulty with this contention is that it is not applicable to the facts of the case at bar. There is no persuasive showing that the Legislature did intend to permit the city to tax conveyances by deed made outside *821 the city if they pertained to real estate within the city. The city relies merely upon a joint press release by the Governor, the Senate Majority Leader, and the Assembly Speaker in which they estimated the yield of the proposed tax on real estate transfers at $10,000,000. Not only is such a press release inadequate proof of the legislative intent, but, even more important, there is nothing in said estimate which is necessarily inconsistent with an intent to exempt from the tax deeds delivered outside the city limits. Nor does the fact that the tax may be avoided by closing title outside the city necessarily indicate that the Legislature did not intend such a result. The ease with which the sales tax on personal property could be avoided by having the seller make delivery outside the city did not prevent the Court of Appeals from holding that such a transaction was not subject to the sales tax (Matter of Gunther’s Sons v. McGoldrick, supra).
In the light of what has been said, the court is constrained to hold that the grantor plaintiff is entitled to the return of the $275 paid under protest and a declaration that the local law is invalid insofar as it purports to tax deeds delivered outside the city limits.
The grantor plaintiff claims to be entitled to interest on the $275. Section 146-8.0 of the local law provides that refunds shall be “ without interest ”. The decision in Matter of Lehigh Val. R. R. Co. v. Joseph (281 App. Div. 57, affd. 305 N. Y. 853) appears to be authority for the city’s contention that this provision is valid and enforcible.
There remains for consideration the declaratory judgment sought by plaintiffs as to various other aspects of the Eeal Property Transfer Tax and the regulations issued to enforce it.
Plaintiffs request a declaration that the local law and regulations are invalid (a) in their definitions of the word “ deed (b) in their provisions that the grantee shall be liable for the tax in the event that the grantor shall fail to pay it; and (c) in allegedly permitting the grantee to accelerate the date the grantor must pay the tax. ’
None of the declarations thus sought are necessary in connection with the claim for the return of the $275 payment, in view of the court’s holding that the grantor plaintiff is entitled to the $275. They all relate to matters as to which, no actual controversy is claimed to exist. Plaintiffs are really asking advisory opinions as to the validity of various provisions of the statutes and regulations which may never affect them in any of their future dealings in the sale and purchase of real estate. The question of whether the definition of “ deed ” is incorrect *822 can only arise if a document involved in a transaction to which plaintiffs are parties is claimed by them to be incorrectly within the statutory definition complained of. This may never occur. The question of whether grantees may be required to pay the tax, if the grantors do not, may never arise in any transaction in which the plaintiffs are grantees, for the grantors may invariably pay the tax. The question of the grantee’s right to accelerate payment may never arise in any transaction in which the plaintiffs are grantors, for the grantees may never record their deeds prior to the expiration of the period within which plaintiffs may pay the tax, or the situation may be satisfactorily provided for in the contract between the parties. As ‘ ‘ the courts do not make mere hypothetical adjudications, where there is no presently justiciable controversy before the court and where the existence of a ‘ controversy ’ is dependent upon the happening of future events ” (Prashker v. United States Guar. Co., 1 N Y 2d 584, 592), a proper case for the declaratory judgments sought has not been made out and the complaint, insofar as it seeks declarations as to said matters, must be dismissed.
Plaintiffs also seek a declaration that paragraph (e) of subdivision (1) of section 1 of the enabling act is invalid in failing to designate the person taxed. Since they are in the business of buying and selling real estate located in the City of New York, they are bound to be confronted with the problem of whether or not the real property tax is a valid tax. They are accordingly entitled to obtain a declaratory judgment as to whether the tax is invalid because of the alleged invalidity of paragraph (e) (see Socony-Vacuum Oil Co. v. City of New York, 247 App. Div. 163, affd. 272 N. Y. 668; Dun & Bradstreet v. City of New York, 276 N. Y. 198, 206-207).
In the court’s opinion, the failure of the State Legislature to designate in paragraph (e) (supra) whether the grantor or the grantee was to be liable for the tax authorized thereby did not invalidate the subdivision. The Legislature left it to the local legislative body to decide who was to be liable for the tax.
The motion and cross motion are disposed of as indicated herein. Settle order.