Abraham N. Geller, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Comptroller of the City of New York denying a refund of a tax paid pursuant to the New York City Beal Property Transfer Tax Law. The sole issue presented is the validity of this local tax law insofar as it has been made applicable to the subject transaction involving a conveyance of real property located in the City of New York consummated by a delivery of the deed in the City of White Plains on April 29,1960.
A review of the legislation leading up to and encompassing this tax is necessary for an analysis of the only question actually raised by petitioners — that there was no local tax law in existence on April 29,1960 imposing a tax on a deed delivered outside the City of New York. Indeed, petitioners contend that there is no such tax law even today.
The Legislature originally enacted a tax enabling act (L. 1934, ch. 873, as amd.) under which New York City was authorized to impose such taxes as the sales tax and the utility tax. In 1959 this enabling act was amended by chapter 370 to add a new paragraph (e) to subdivision 1 of section 1 of the enabling act to authorize the city to impose a tax on conveyances of real property. Pursuant to chapter 370, the city enacted its tax law (Administrative Code of City of New York, § • 146-1.0) imposing this real property transfer tax and making it applicable to transfers of New York City real property “ regardless of where [the deed was] made, executed or delivered.”
. The validity of this tax was thereafter challenged by legal test. In Realty Equities Corp. v. Gerosa (22 Misc 2d 817) *846 decided on December 8, 1959, the court held the local tax law invalid “ insofar as it purports to tax deeds delivered outside the city limits ” (p. 821). This determination was based upon the general limitation contained in subdivision (6) of section 1 of the enabling act and made part thereof long prior to this 1959 provision adding the real property transfer tax, that the enabling act shall not authorize a tax on any transaction “ originating and/or consummated outside of the territorial limits of any such city. ’ ’
At the following session of the Legislature chapter 785 of the Laws of 1960 was enacted. Its title stated that it was an act to amend the enabling act “in relation to clarifying the scope of the authority to impose a tax on conveyances of real property ”, It added a sentence to paragraph (e) of subdivision 1 of section 1 of the enabling act — the provision for the real property transfer tax — that “ Such taxes may be imposed on any conveyance or transfer of real property or interest therein where the real property is located in such city regardless of where transactions, negotiations, transfers of deeds or other actions with regard to the transfer or conveyance take place ”.
Chapter 785 was signed by the Governor on April 25, 1960 to take effect, as therein stated, immediately. On April 29, 1960, four days thereafter, this transaction, consisting of the transfer of New York City property by a deed delivered in the City of White Plains, took place. Petitioners maintain that it was necessary to re-enact the local tax law before it could become applicable to transfers of city property where the deed was delivered outside the city.
Since not a single word of the existing local law would have had to be changed to conform to the 1960 amendment of the enabling act, it is apparent that petitioners’ objection is a technical one which should not be sustained unless such construction is required by law or rule of construction of statutes.
It is not disputed that the Legislature has the power to ratify any act which it could have authorized. It is clear, also, that re-enactment of an unauthorized local law is unnecessary if the Legislature subsequently enacts a statute which constitutes, in effect, an adoption of the local law (Robia Holding Corp. v. Walker, 257 N. Y. 431). Nor is there any doubt concerning the well-settled rule that an ordinance or local law of a municipality, although invalid for lack of authority when adopted, may become valid without re-enactment when the Legislature subsequently grants the authority by validating or curative act or recognizes
*847 in some manner the validity of the local law (see, e.g., Matter of Tartaglia v. McLaughlin, 297 N. Y. 419).
Here, it is true, we are not dealing with a validating or curative act intended to operate retroactively to validate void acts. The city has never claimed that the 1960 amendment to the enabling act, which contains no words of retroactivity, resulted in giving retroactive effect to the local tax law. Its position simply is that by this clarifying amendment the Legislature recognized the power of the city to tax transfers of city property regardless of the place of execution, granting such power as to all prospective transactions, and thereby, in effect, adopted the local tax law, thus dispensing with the necessity of re-enacting it.
People ex rel. McClelland v. Roberts (148 N. Y. 360) reveals an analogous situation in the constitutional field. It involved a provision of the Civil Service Law making it applicable to a certain State department. In a prior ease it had been held that the State Constitution barred the applicability of that provision to said department. Thereafter the Constitution was amended to make clear that it was intended that such civil service provision should be applicable to all departments. It was argued that re-enactment of the Civil Service Law following the constitutional amendment was necessary before it could be made applicable to said department. The court pointed out (p. 368) that although a law, when passed, might be incapable of application to certain cases by reason of the existence of conflicting enactments of equal or higher authority, it is given full operation when the latter are repealed or modified. The court said (pp. 368-369): “ The section of the Constitution with which it was then found to be in conflict, and which had the effect to suspend its operation as to that department, having been since modified in such a manner that both the organic law and the general statute are in harmony, each expressing the same general policy and directing the same thing to be done, the suggestion that, in order to make the general law operate upon this case, the legislature must re-enact it, has no reasonable or just foundation, and so far as I am aware, is not sustained by authority.”
The issue, as petitioners state it in their reply brief, is “ whether from the wording of Chapter 785 of the Laws of 1960, the Legislature intended validation.” The answer to that question must be in the affirmative.
The Legislature in 1959 added a provision to the enabling act granting the power to tax transfers of New York City real property. The court subsequently ruled that the general limitation of existing subdivision (6) rendered such tax invalid *848 when applied to deeds delivered outside the city. The Legislature promptly enacted an act amending the enabling act for the purpose of “clarifying the scope of the authority” to impose this real property transfer tax. It added a sentence to the particular subparagraph dealing with such tax, thus making clear that the authority to impose this tax, as distinguished from the other taxes provided for in the enabling act, was not intended to be limited to city transactions but rather to embrace all transfers of city real property regardless of the place of the making of the transaction therefor.
It is evident from the language of the Legislature, an analysis of the enabling act and the background of events that the clarifying 1960 amendment was framed with reference to the existing local tax law and that the Legislature intended validation to take effect ‘ ‘ immediately ’ ’ with respect to prospective transactions. There is no overriding rule which required the city to go through the purely formalistic process of re-enacting verbatim the existing local tax law. The petition is accordingly dismissed.