Memorandum. The judgment of the Appellate Division should be affirmed. Section 20-b of the General City Law places limitations on respondent’s power to tax utilities subject to State tax under section 186-a of the Tax Law (Matter of Brooklyn Union Gas Co. v. McGoldrick, 270 App. Div. 186, affd. sub nom. Matter of Brooklyn. Union Gas Co. v. Joseph, 298 N. Y. 536; Matter of Carey Transp. v. Perrotta, 34 A D 2d 147, affd. 29 N Y 2d 814). However, no such limitation obtains where the utility is not within the purview of section 186-a (Tax Law, § 1221, subd. [a], par. [3]; 58 N. Y. Jur., Taxation, § 674). Petitioner operates buses with a seating capacity of more than seven persons and is thus expressly excluded from the State utility tax (Tax Law, § 186-a, subd. 2, p^r. [a]). As a consequence respondent was free to levy a city utility tax pursuant to the authority granted by subdivision (a) of section 1201 of the Tax Law and its predecessor (L. 1934, ch. 873, as amd.). Moreover, the prohibition on taxation of “ transactions ” with certain exempt organizations (Tax Law, § 1230) is inapplicable to the tax on the privilege of doing business which, pursuant to section 1201 and its predecessor, the city is empowered to impose. Finally, the issue of exclusive use aside, the “ school bus operators clause ” (City of New York Administrative Code, § QQ 46-2.0, subd. a), concededly suffering from poor draftsmanship but reasonably interpreted in light of its history (e.g., Local Laws, 1939, No. 104 -of the City of New York), does not, as claimed, exclude petitioner from the measure of the tax (cf. Children’s Bus Serv. v. City of New York, 190 Misc. 161, 166, mod. 272 App. Div. 1058, mot. for lv. to app. den. 273 App. Div. 773).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones. Wachtler, Rabin and Stevens concur.
Judgment affirmed, with costs, in a memorandum.