OPINION OF THE COURT
Meyer, J.
This appeal raises the question whether an operator of vans with a carrying capacity of more than seven persons is subject to the tax on gross operating income imposed by subdivision a of section QQ46-2.0 of the Administrative Code of the City of New York. A deficiency having been assessed against petitioner, a hearing was held before a hearing officer of the Director of Finance and Finance Administration, who found that petitioner’s vans were used exclusively to transport handicapped . schoolchildren but nonetheless determined a deficiency of $6,474.06 against petitioner. An article 78 review *352 having been initiated by petitioner and transferred to the Appellate Division, that court unanimously confirmed the deficiency determination, citing Parochial Bus System v Lewisohn (35 NY2d 938), but also granted petitioner leave to appeal to this court. We affirm the judgment of the Appellate Division.
As originally enacted by Local Law No. 104 of the Local Laws of 1939 that portion of the section which is now subdivision a of section QQ46-2.0 imposed a tax of 1% of gross operating income upon "vendors of utility services”, a category inclusive of omnibus operators, "except that as to persons engaged in the business of operating omnibuses with a carrying capacity of more than seven persons other than omnibuses used exclusively for the transportation of children to and from schools operated under contracts made pursuant to the provisions of the education law, and not subject to the jurisdiction of either division of the department of public services, the rate shall be three percentum of its gross operating income” (emphasis supplied).
Clear from that language is the fact that exclusive school bus use did not exempt from the tax; it simply reduced the rate. Amendments over the years have changed the figures so that the 1% figure in the original enactment is now 2.35% and the 3% figure is now 1.17%, but nothing in those amendments suggests an intent to exempt school bus operators not previously exempt. Unfortunately the less than careful draftsmanship, on which we commented in Parochial Bus System v Lewisohn (supra) resulted in the change of the figures only and not of the language of the section.
With the reversal of the numbers a reading of the present wording without relation to prior versions of the provision makes it appear that the 2.35% rate applies to vendors of utility services "except” operators of omnibuses capable of carrying seven persons "other than” those operated exclusively as school buses, as to whom the rate is 1.17%. Literally read the provision in its present form could mean either that the 2.35% rather than the 1.17% rate applied to school bus operators or that no rate was fixed by the section for such operators. The latter construction is inconsistent with the prior history of the section, and the former is inconsistent with subdivision (a) of section 1201 of the Tax Law which, in authorizing the city to impose the tax, expressly provides that "as to persons engaged in the business of operating omnibuses *353 with a carrying capacity of more than seven persons, whether or not such persons are subject to the supervision of the state department of public service, the rate shall not be in excess of’ 1.17%.
While "other than” is normally synonymous with "except” (Matter of Nelson, 152 Misc 245, 250), the effect of so reading the provision would be to tax school bus operators at the higher (2.35%) rate were it not for subdivision (a) of section 1201 of the Tax Law. However, a provision worded as the section under consideration ("except * * * other than”) need not be read as an exception out of an exception when the context or other background indicates otherwise (Jenney v Brook [1844], 6 QB 323, 338). Here, as was clearly held in Children’s Bus Serv. v City of New York (190 Misc 161, mod* 272 App Div 1058, mot for lv to app den 273 App Div 773), the section as originally enacted did not exempt exclusive school bus operators, nor, as our somewhat cryptic dictum in the Parochial Bus case indicated, did the subsequent amendments. Read against its history the section is clear, not vague, and does not avail petitioner.
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Judgment affirmed.

 The modification was on a point other than the exemption issue. On that issue the Appellate Division affirmed.